Louis SERNA, Plaintiff,

v.

Gerald O'DONNELL et al., Defendants.

No. 75 CV 210 C.

United States District Court,
W. D. Missouri, C. D.

March 5, 1976.

---

Louis Serna, pro se.

Bert C. Hurn, U. S. Dist. Atty., Kansas City, Mo., for defendants.

## ORDER DENYING LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS

ELMO B. HUNTER, District Judge.

On January 26, 1976 plaintiff was denied leave to proceed in *forma pauperis* in the above-styled cause and his *pro se* complaint under 42 U.S.C. § 1983 was dismissed without prejudice as frivolous. Plaintiff filed a notice of appeal and an accompanying affi-davit of indigency on February 24, 1976. The Court will consider the affidavit of indigency as one offered in support of a motion filed pursuant to Rule 24(a), Federal Rules of Appellate Procedure for leave to appeal without the prepayment of fees and costs or the giving of security therefor.

Before discussing the particular details of plaintiff's case, the Court deems it appropriate to describe the context in which plaintiff's *pro se* complaint came before the Court. The receipt of a *pro se* pleading from a prisoner such as the plaintiff in this case, who is currently imprisoned at the Missouri State Penitentiary, immediately triggers a standard of construction and interpretation different and far more lenient than that with which attorney drawn pleadings are normally read. The purpose of this lenient standard of construction is, of course, to prevent a plaintiff unversed in the law and unable to obtain an attorney from being denied access to the courts simply because he is legally ignorant or inarticulate or both. The duty to leniently construe the ever increasing number of *pro se* complaints under 42 U.S.C. § 1983 filed by state prisoners in federal court has, however, created a heavy burden on this Court. This burden, moreover, seemingly demands methods of alleviation that cannot be culled simply and directly from past judicial experience with other types of burdensome litigation.

The fact that there is an inordinate expenditure of judicial time required for the interpretation and lenient construction of *pro se* prisoner pleadings is not the crux of the problem. If time so spent were certain to benefit *pro se* plaintiffs by removing the disadvantage of lack of legal training and knowledge, it would be time well spent. Unfortunately, however, this is not always the case. In fact, initial leniency is often simply a function of the unintelligibility of a particular complaint, with increasing unintelligibility triggering increasing leniency in order to insure that there is no penalization for poor expression or lack of legal expertise. The advantage of initially le-

nient construction is questionable, however, in the frequent case where subsequent clarification reveals that the pleading is utterly without legal basis.

A refusal to construe *pro se* prisoner pleadings liberally has not been considered as a possible solution to this problem by this Court. It has become apparent, however, that both *pro se* prisoner plaintiffs and the Court may be greatly benefitted by the use of a form complaint. To this end, the Court *en banc* by General Order entered October 28, 1975 approved complaint forms for actions under 42 U.S.C. § 1983 by prisoners in state custody.[1] These forms, by asking specific questions, seek to elicit information of legal significance that will enable a construction which is both lenient and meaningful, while excluding so far as possible that extraneous material which persons unversed in the law understandably but erroneously believe to be necessary to a pleading. Since the adoption of these forms, it has been the practice of this Court, upon receipt of a *pro se* prisoner complaint under 42 U.S.C. § 1983 to immediately send the plaintiff sets of complaint and affidavit forms accompanied by detailed instructions designed to aid a lay pleader, and to direct the plaintiff to refile his complaint on those forms. This procedure has proved extremely helpful to the Court in clarifying pleadings otherwise often almost hopelessly confused and unintelligible.

The pleading originally filed in the present case illustrates the usefulness of the above-mentioned forms. On October 2, 1975 plaintiff filed a *pro se* complaint under 42 U.S.C. § 1983 naming four defendants and accompanied by a sworn affidavit of poverty. As a sample of the allegations in that complaint will illustrate, its basis was not entirely clear. Plaintiff alleged, for example

"that defendants conspired to deprive the plaintiff of his civil rights by going on the road to have the plaintiff make a sell of heroin on April 24, 1973 and on April 12, 1973; that the alleged sells were made in Columbia, Missouri on the above dates and defendants had no intention, nor did they attempt to find the source of the heroin drug."

Because plaintiff's complaint was filed after the entry of the General Order of the Court *en banc* approving complaint forms for actions by state prisoners under 42 U.S.C. § 1983, plaintiff was directed by Order to refile his complaint on the appropriate forms, which were sent to him accompanied by affidavit of poverty forms and detailed instructions to aid him in refiling his complaint. Plaintiff completed the forms and returned them to the Court. He asserted therein the claims that had apparently been the basis of his original complaint in a far more understandable manner, alleging that his arrest had been the result of a conspiracy by state and federal agents to entrap him into selling heroin. Plaintiff continued to request relief in the form of monetary damages only. Although the complaint form requested that he state the amount of damages he sought, he chose to state no amount. The Court noted, however, that his original complaint had requested $800,000.00 "for punishment from all defendants," $1,000,000.00 in "personal damages" and $1,000,000.00 punitive damages. Plaintiff was also requested on the complaint form to provide reasons supporting his claim for damages. His answer, in its entirety, read "Because of the malicious acts."

The statute providing for the filing of civil actions without the prepayment of fees or giving of security for costs does not provide that the granting of a request to proceed in *forma pauperis* must follow the receipt of such a request as a matter of course. Rather, 28 U.S.C. § 1915(d) provides that the Court may dismiss a case if the allegation of poverty is untrue, or if

---

1. The Court notes that the court approved forms for actions by state prisoners under 42 U.S.C. § 1983 are quite similar in nature, although not in the specific information sought, to the forms required by Local Rule 22 for petitions for habeas corpus by persons in state custody.

satisfied that the action is frivolous or malicious. There is, therefore, a responsibility on the Court to determine that a claim is not frivolous or malicious before permitting a plaintiff to proceed with his action in *forma pauperis*. A decision as to frivolity or maliciousness is an extremely important one, because dismissal of frivolous actions pursuant to 28 U.S.C. § 1915(d) is appropriate to prevent abuses of the processes of the Court. *Harkins v. Eldredge*, 505 F.2d 802 (8th Cir. 1974). This responsibility to dismiss cases that are frivolous or malicious must be balanced against the predisposition in favor of liberal construction of *pro se* prisoner pleadings. This Court does not believe that it can properly exercise the duty given it under 28 U.S.C. § 1915(d) by simply reading *pro se* prisoner complaints leniently without regard to possible frivolity when a request to proceed in *forma pauperis* has been made.

 Lenient construction of prisoner complaints involves either looking at the surface of the infrequent well drawn pleading or, in the more usual case of a poorly drawn pleading, looking below its surface or between the lines for matters either not raised properly or at all. After understanding what the plaintiff is alleging, the Court must, if there is a request to proceed in *forma pauperis*, determine whether the case is frivolous or malicious. Whereas in understanding a pleading, leniency is necessary to counteract the plaintiff's lack of legal expertise, the same degree of predisposition in favor of the *pro se* plaintiff is not called for when a determination is made under 28 U.S.C. § 1915(d). A determination as to frivolity is a legal determination as to whether there "exists substantiality as to such a claim, of justiciable basis and of impressing reality." *Carey v. Settle*, 351 F.2d 483 (8th Cir. 1965). A *pro se* pleading, liberally construed, must exhibit such substantiality to avoid a finding of frivolity under 28 U.S.C. § 1915(d).

 The significance of the *forma pauperis* decision, which in most cases determines whether or not a prisoner will be able to continue with his action under 42 U.S.C. § 1983, requires that the Court be provided with as meaningful a basis for the exercise of its discretion as is possible under the circumstances. It is to aid the creation of such a basis as well as to clarify pleadings in general that the Court has adopted the use of special forms for *pro se* prisoner complaints under 42 U.S.C. § 1983. These forms seek to elicit information that is legally pertinent to the claim itself as well as to the request to proceed in *forma pauperis*, thus enabling the most informed determination under 28 U.S.C. § 1915(d) that is possible.

 It is against this background that the complaint in the instant case was read. The Court sought to ascertain the reasons supporting plaintiff's request for monetary damages, apparently in an amount of $2,800,000.00. Plaintiff chose, in effect, to provide no such reasons other than the bare statement, "because of the malicious acts." This response provided no support for the request for monetary damages, which was the sole relief sought and therefore the very heart of plaintiff's complaint. The Court, on that basis, deemed plaintiff's complaint to be frivolous and dismissed it without prejudice for that reason.

Plaintiff has been aware of the reason why the Court found his claim frivolous since receipt of the Order dismissing his action. That Order clearly specified the reason for dismissal. If plaintiff wishes to refile his complaint and provide the Court with reasons in support of his request for monetary damages, he may clearly do so now, or whenever he so desires. The dismissal of January 26, 1976 was without prejudice and it does not prevent him from refiling his action with this Court and reapplying for leave to proceed in *forma pauperis*.

The Court deems its denial of leave to proceed in *forma pauperis* and dismissal on the basis of frivolity to have been proper. Although plaintiff is free to do so, he has made no attempt to refile his complaint

with this Court, despite the fact that the Order of dismissal in effect told him how to file a non-frivolous complaint based on the same claim. This Court, therefore, deems plaintiff's appeal in this cause to be frivolous and taken without good faith.

Accordingly, it is therefore

ORDERED pursuant to the provisions of 28 U.S.C. § 1915(a) and Rule 24(a), Federal Rules of Appellate Procedure, that plaintiff's appeal in this cause is certified as not taken in good faith. It is further

ORDERED pursuant to Rule 24(a), Federal Rules of Appellate Procedure, that plaintiff's motion to proceed on appeal in *forma pauperis* be, and the same is hereby, denied.