## 38472. PORTIS v. EVANS.

HILL, Presiding Justice.

Charles E. Portis is an inmate confined at the Metro Correctional Institution. He filed a petition for mandamus in Fulton Superior Court against the Commissioner of the Georgia Department of Offender Rehabilitation, seeking to compel the Commissioner to provide him with the "meaningful access to the courts" required by Bounds v. Smith, 430 U. S. 817 (97 SC 1491, 52 LE2d 72) (1977). Portis alleged that he was in need of legal materials or assistance in order to prepare appeals from the denials of his petitions for habeas corpus (one in state court and one in federal court), that there is no law library at the Metro facility and that he had been informed by an attorney from the Prisoner Legal Counseling Project that "the necessary legal research and the issues raised by his litigation were beyond the scope of her experience in the one year she had practiced law and that neither she, nor the Legal Aid Project, would be able to render the assistance needed."

The court granted the Commissioner's motion to dismiss the petition for mandamus due to insufficient process and insufficient service of process and failure to state a claim upon which relief could be granted. Portis appeals.

1. The state first argues that the process and service of process were insufficient because no order was ever entered by the trial court

authorizing Portis to proceed in forma pauperis.

Included with Portis' petition for a writ of mandamus was an "affidavit of poverty" which he filed in order to be allowed to proceed in forma pauperis. When his petition and affidavit were filed in superior court, the clerk of the court apparently authorized filing and service without payment of costs because the record shows that it was filed and served. The state argues that the court itself must first enter an order authorizing a petitioner to proceed in forma pauperis and that in the absence of such court authorization, service without the payment of costs is void.

We do not agree that any such duty is placed upon the court. Code Ann. § 24-3413 provides: "When any party, plaintiff or defendant, in any suit at law or proceedings in the superior courts, probate courts, justices of the peace, notaries public who are ex officio justices of the peace, and such other courts as have been or may have or may be established by law, shall be unable to pay any deposit, fee or other cost which may normally be required in such court, if such party shall subscribe an affidavit to the effect that from poverty he is unable to pay these costs, such party shall be relieved from paying such costs and his rights shall be the same as if he had paid such costs. Any other party at interest, or his agent or attorney, may contest the truth of such pauper's affidavit by verifying affirmatively under oath that the same is untrue. The issue thereby formed shall be heard and determined by the court under the rules of the court. The judgment of the court on all issues of fact concerning the ability of a party to pay costs or give bond shall be final. . . ." See also Code Ann. § 24-3406 as amended.

Under this Code section, a plaintiff filing a proper affidavit of poverty with the clerk of court is entitled to proceed in forma pauperis until a party at interest contests the truth of the pauper's affidavit and the court thereafter determines that the affiant is in fact able to pay costs. After such determination is made, the case should be dismissed if costs are not promptly paid. The state here did not contest the affidavit of poverty filed by Portis, the summons appears regular on its face, see Code Ann. §§ 81A-104 (b), 81-301, and the record shows that the summons and petition were served. The trial court therefore erred in granting the state's motion to dismiss due to insufficient process and insufficient service of process.

2. In Bounds v. Smith, supra, the United States Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, supra, 430 U. S. at 828.

In order to comply with this mandate, the State of Georgia formulated a plan by which four prisons would be supplied with complete prison law libraries and attorneys from the state-funded Prisoner Legal Counseling Project would visit the prisons without libraries monthly. This statewide plan was approved and ordered implemented by the United States District Court for the Middle District of Georgia in Hardwick v. Ault, 447 FSupp. 116, 133 (1978).

Portis admits that he has spoken with an attorney from the Prisoner Legal Counseling Project but alleges that he was informed that the attorney would be unable to assist him due to her inexperience. The state argues that under the plan approved by the district court, all that is required is that attorneys from the Project regularly visit those institutions not equipped with law libraries. Because Portis admits that he has consulted with one of the attorneys provided, the state reasons that the terms of the plan have been complied with and therefore the petition for mandamus fails to state a claim upon which relief can be granted.

We disagree because on motion to dismiss we are bound to accept the allegations of the petition as being true. Bounds v. Smith, supra, which Hardwick v. Ault, supra, sought to implement, requires either "adequate law libraries or *adequate* assistance from persons trained in the law." Bounds v. Smith, supra. (Emphasis supplied.) Visitation alone is not enough and visitation by an attorney who allegedly is unable to render legal assistance is not adequate assistance. We therefore must conclude that the trial court erred in dismissing the petition for failure to state a claim.

*Judgment reversed. All the Justices concur, except Jordan, C. J., Clarke and Gregory, JJ., who dissent.*

DECIDED MAY 18, 1982.

Charles E. Portis, *pro se.*
Michael J. Bowers, Attorney General, Daryl A. Robinson, Assistant Attorney General, for appellee.