39165. PORTIS v. EVANS.

MARSHALL, Presiding Justice.

In *Portis v. Evans,* 249 Ga. 396 (291 SE2d 511) (1982), it was held that under Bounds v. Smith, 430 U. S. 817 (97 SC 1491, 52 LE2d 72) (1977) and Hardwick v. Ault, 447 FSupp. 116 (M. D. Ga. 1978), adequate law libraries or adequate assistance from persons trained in the law must be provided to prison inmates in their preparation and filing of meaningful legal papers in order to grant them meaningful access to the courts.

Portis, incarcerated in the Metro Correctional Institute, filed a petition for writ of mandamus seeking meaningful access to the courts under Bounds. In the petition, Portis complained that Metro has no law library and that the attorney provided for him stated that she was unable to assist him due to her inexperience. The superior court dismissed the petition, and in *Portis v. Evans,* supra, this court reversed.

Following remand, the superior court has entered an order directing that Portis be transferred to a penal institution with a law library. Portis again appeals, complaining of the inconvenience to him which will be occasioned by his transfer.

It was within the discretion of the superior court to grant Portis' request for meaningful access to the courts under Bounds by ordering him transferred to a prison with a law library. The order appealed from is therefore affirmed.

240

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 16, 1982.

Charles E. Portis, *pro se.*
Michael J. Bowers, *Attorney General, Daryl A. Robinson, Assistant Attorney General,* for appellee.