Sylvester H. PECK, Plaintiff
and Appellant,

v.

SOUTH DAKOTA PENITENTIARY
EMPLOYEES, et al., Defendants
and Appellees.

No. 13904.

Supreme Court of South Dakota.

Submitted on Briefs Jan. 20, 1983.

Decided April 27, 1983.

Sylvester H. Peck, pro se.

Richard Dale, Asst. Atty. Gen., Pierre, for defendants and appellees; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

WOLLMAN, Justice.

This is an appeal from an order dismissing appellant's in forma pauperis action. We affirm.

Appellant, an inmate at the South Dakota State Penitentiary, brought this action, pro se, against appellees, four penitentiary employees. In his complaint, appellant contends that his constitutional rights were violated because appellees removed electronics parts and other property from his cell and because penitentiary officials have failed to provide him with educational opportunities in the field of electronics. Appellant requested a judgment ordering that

the parts be returned to him and ordering that he be allowed to continue his electronics education. Appellant also requested injunctive relief prohibiting appellees from harassing and retaliating against him and his friends, and prohibiting appellees from denying him his alleged right to an electronics education.

A show cause hearing on appellant's request for injunctive relief was scheduled for July 30, 1982. On July 27, 1982, appellant moved to dismiss the hearing, now claiming that appellees were not harassing him or his friends.

On July 30, 1982, the circuit court entered an order dismissing appellant's action pursuant to SDCL 16–2–29.4, which provides:

> The court may, at any time after filing of the affidavit, dismiss any civil action, proceeding or appeal if the allegation of poverty is found to be untrue or if satisfied that the action, proceeding or appeal is frivolous or malicious.

Although we have not had the opportunity to interpret this statute, which became effective July 1, 1982, we can look to the federal courts' interpretations of the federal counterpart, 28 U.S.C.A. 1915(d), which allows a federal court to dismiss a proceeding in forma pauperis "if satisfied that the action is frivolous or malicious."

Federal in forma pauperis proceedings provisions exist so that the scales of justice will not be tilted against the poor. *McTeague v. Sosnowski*, 617 F.2d 1016 (3d Cir.1980). Indigency, however, does not create a constitutional right to expend public funds and valuable time of the federal courts to prosecute an action which is totally without merit. *Collins v. Cundy*, 603 F.2d 825 (10th Cir.1979). The authority for early dismissal of frivolous claims is necessary, especially when dealing with prisoners whose primary motivation for commencing legal actions is the hope of a "short sabbatical to the nearest federal courthouse." *Cruz v. Beto*, 405 U.S. 319, 327, 92 S.Ct. 1079, 1084, 31 L.Ed.2d 263, 271 (1972) (Rehnquist, J., dissenting); *see also Jones v. Bales*, 58 F.R.D. 453 (N.D.Ga.1972), *aff'd*, 480 F.2d 805 (5th Cir.1973).

▮ Generally, a pro se complaint, such as the one filed in this case, is held to less stringent standards than formal pleadings drafted by a lawyer, and the allegations of the complaint are taken as true for purposes of a dismissal. *Hughes v. Rowe*, 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Cruz v. Beto, supra.* The usual degree of predisposition in favor of a pro se plaintiff is not required, however, in dismissing a federal in forma pauperis proceeding under 28 U.S.C.A. 1915(d). *Serna v. O'Donnell*, 70 F.R.D. 618 (W.D.Mo.1976); *Collins v. Cundy, supra.* Under 28 U.S.C.A. 1915(d), a determination of frivolity is a legal determination whether there "exists substantiality as to such a claim, of justiciable basis and of impressing reality." *Serna v. O'Donnell, supra* at 621 (quoting *Carey v. Settle*, 351 F.2d 483, 484 (8th Cir.1965)). The courts must determine whether an in forma pauperis plaintiff can make a rational argument on the law or facts to support his claim. *Collins v. Hladky*, 603 F.2d 824 (10th Cir.1979). The federal district courts have broad discretion in determining what is a frivolous action and will not be reversed unless there has been an abuse of discretion. *Van Meter v. Morgan*, 518 F.2d 366 (8th Cir.1975), *cert. denied*, 423 U.S. 896, 96 S.Ct. 198, 46 L.Ed.2d 129 (1975); *Collins v. Pitchess*, 641 F.2d 740 (9th Cir.1981).

▮ Reviewing appellant's claim in the light of the foregoing principles, we note that his complaint first contends that his constitutional rights were violated by the removal of property from his cell. Such a removal does not automatically constitute a constitutional violation. As the United States Supreme Court has recently stated:

> We have repeatedly said both that prison officials have broad administrative and discretionary authority over the institutions they manage and that lawfully incarcerated persons retain only a narrow range of protected liberty interests. As to the first point, we have recognized that broad discretionary authority is necessary because the administration of a prison is "at best an extraordinarily diffi-

cult undertaking," *Wolff v. McDonnell, supra,* 418 U.S. [539], at 566, 94 S.Ct. [2963], at 2979 [41 L.Ed.2d 935] and have concluded that "to hold ... that *any* substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts." *Meachum v. Fano, supra,* 427 U.S. [215], at 225, 95 S.Ct. [2532], at 2538 [49 L.Ed.2d 451]. As to the second point, our decisions have consistently refused to recognize more than the most basic liberty interests in prisoners. "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston,* 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356, 1369 (1948).

*Hewitt v. Helms,* —— U.S. ——, 103 S.Ct. 864, 869, 74 L.Ed.2d 675 (1983). Property rights are among those limited by incarceration. *Sullivan v. Ford,* 609 F.2d 197 (5th Cir.1980), *cert. denied,* 446 U.S. 969, 100 S.Ct. 2950, 64 L.Ed.2d 829 (1980).

█ We must also recognize that prison officials are given wide-ranging deference in their adoption and execution of policies and practices that they determine are necessary to preserve internal order and discipline and to maintain institutional security. *Hewitt v. Helms, supra; Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *Jones v. North Carolina Prisoners' Labor Union,* 433 U.S. 119, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977). In the absence of substantial evidence to indicate an exaggerated response to the above considerations, the courts should defer to the prison officials' professional expertise. *Pell v. Procunier,* 417 U.S. 817, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974).

Inmates at the penitentiary are required to refrain from committing prohibited acts listed in the "Living Guide and Regulations of the South Dakota State Penitentiary," a copy of which is given to each inmate. These regulations list possession of contraband as a prohibited act and define contraband as: "Having in possession any article not issued to you, not purchased through the commissary or for which you do not have special authorization; or having articles in excess of established limits, or articles which are used for unauthorized purposes." The State has contended that the property removed from appellant's cell was contraband. Appellant's complaint alleges that other inmates have similar property in their cells, that the property was not wrongfully used, and was neither a threat to security nor a danger to other inmates and employees. These allegations do not exclude the property from falling within the penitentiary's definition of contraband. Neither appellant's complaint nor other documents filed with the court before it entered its order of dismissal state that appellant was authorized to have the property in his cell prior to the shakedowns. Subsequent to the entry of order of dismissal, appellant filed a document with the court that stated that the removed property was authorized and was listed on appellant's prisoner property card.

Given the situation before it, we cannot say the trial court abused its discretion in determining that appellant could not make a rational argument on the law or facts to support the claim regarding his property. The trial court cannot be faulted for not having the prescience to anticipate belatedly filed post-decision allegations.

█ We turn to the contention that appellant's constitutional rights were violated because the penitentiary does not provide schooling in the field of electronics and because appellees prevented him from furthering his electronics education by removing electronics parts from his cell. The State denies neither the absence of such a school at the penitentiary nor the removal of electronics parts from appellant's cell. Notwithstanding the factual validity of appellant's assertion, appellant has not shown a constitutional violation. In the absence of grievously debilitating prison conditions,

failure to provide vocational and education training does not violate the Constitution. *Madyun v. Thompson,* 657 F.2d 868 (7th Cir.1981). Likewise, the diminution of the educational opportunities available to prisoners is not such a deprivation as to constitute punishment under the Eighth Amendment. *Rhodes v. Chapman,* 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). Accordingly, we conclude that the trial court did not abuse its discretion in determining that appellant could not make a rational legal argument to support this claim.

The State characterizes appellant's action as one in a series of frivolous in forma pauperis actions brought against penitentiary officials.* While the fact that a plaintiff has previously filed several similar and unsuccessful cases may be considered in determining frivolity, *see, e.g., Van Meter v. Morgan, supra; Green v. United States District Court,* 494 F.Supp. 1037 (D.D.C.1980), such a consideration is unnecessary in this case since the trial judge, after considering the pleadings and documents filed in this action, had sufficient basis apart from the fact of appellant's demonstrated profligate litigiousness for entering his order of dismissal pursuant to SDCL 16–2–29.4.

The order of dismissal is affirmed.

All the Justices concur.

---

* After appellant had filed sixteen actions in which he claimed violations of his civil rights during confinement and after he had informed the South Dakota Attorney General's Office that he had twenty-three more complaints to file, the United States District Court for the District of South Dakota adopted a prefiling review procedure restricting appellant's cost-free access to the court. *See Peck v. Hoff,* 660 F.2d 371 (8th Cir.1981).