## 40043. JAMES v. HIGHT.

MARSHALL, Presiding Justice.

Alfred J. Hight, while incarcerated at the Metro Correctional Institute in Atlanta, filed a pro se petition for writ of habeas corpus in the DeKalb Superior Court.

The respondent, the Metro warden, filed a motion to dismiss under OCGA § 9-14-51 (Code Ann. § 50-127) on the ground that this is a successive habeas petition.

Pending the superior court's ruling on this motion, the petitioner was transferred from Metro to Augusta Correctional Institute.

Later, the superior court entered an order requiring the petitioner to be returned from Augusta, which has no law library, to Metro, which does have a law library, so that the petitioner would be available for future hearings in this matter and so that he would have access to a law library in prosecuting his habeas petition. See Bounds v. Smith, 430 U. S. 817 (97 SC 1491, 52 LE2d 72) (1977). The superior court further ordered that the petitioner remain at Metro until the final disposition of this action. The warden appeals, arguing, among other things, that custody of the petitioner is in the Department of Offender Rehabilitation (DOR) rather than in him, and that the Commissioner of DOR has not been made a party. *Held:*

The Habeas Corpus Act requires habeas petitions to be filed in the superior court of the county wherein the petitioner is being detained. OCGA § 9-14-43 (Code Ann. § 50-127); *Smith v. Garner,* 236 Ga. 81 (222 SE2d 351) (1976). This was done here.

However, the warden argues that the sole authority for transferring inmates from one state or county correctional institution in this state to another is in the Commissioner of DOR, with approval of the Board of Offender Rehabilitation. OCGA § 42-5-51 (Code Ann. § 77-309).

Notwithstanding this, we have held that a superior court in this state does have the power to order a habeas corpus petitioner under sentence of state court transferred from one penal institution to another, where this is necessary to grant the petitioner's constitutional right to meaningful access to the courts under Bounds v. Smith, supra. See *Portis v. Evans,* 250 Ga. 239 (297 SE2d 248) (1982).

To the extent that there exists a conflict between the statutory authority vested in the DOR to transfer prisoners from one correctional institute to another, and the authority vested in the superior court to enforce the Constitution, the former must yield to the latter. See Marbury v. Madison, 5 U. S. 137 (1 Cranch 137, 2 LE

60) (1803).

And, under our statutory habeas corpus provisions, it is the duty of the DOR or other authority having custody of a habeas petitioner to produce the petitioner at such times and places as the superior court may direct. OCGA § 9-14-46 (Code Ann. § 50-127). See 1971 Op. Atty. Gen. No. 71-160. Therefore, it was not necessary that the Commissioner be joined as a party.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 8, 1983.

*Michael J. Bowers, Attorney General, William B. Hill, Jr., Senior Assistant Attorney General, Rubin, Winter & Goger, Elizabeth A. Edelman, Special Assistant Attorney General,* for appellant.

*Hinkle, Notte & Bianco, Guy J. Notte,* for appellee.

Alfred J. Hight, *pro se.*