**Gary L. PATTEN, Plaintiff and Appellant,**

v.

**Valery GREEN, Defendant and Appellee.**

Civ. No. 10879.

Supreme Court of North Dakota.

June 10, 1985.

**106**

Gary L. Patten, Bismarck, submitted on brief, pro se.

Valery Green, pro se.

GIERKE, Justice.

Gary L. Patten filed an appeal from a district court's denial of his motion to proceed in forma pauperis. We hold that the case does not require a reversal of the district court's denial of his motion.

In the instant case, the instrument from which Patten attempts to appeal is a letter from Judge Graff which denied Patten's motion to proceed in forma pauperis. The letter is not an appealable order under § 28–27–02 of the North Dakota Century Code. Nevertheless, this court may examine a district court's decision by invoking its supervisory authority. This court exercises its supervisory authority over district courts to prevent injustice in cases where there is no right to appeal or

where the remedy by appeal is inadequate. § 27–02–04, N.D.C.C.; *Lang v. Glaser*, 359 N.W.2d 884, 885 (N.D.1985). The supervisory power is purely discretionary. The instant case is not, in our opinion, a proper one for the exercise of our supervisory authority.

The right to sue in forma pauperis is controlled by statute in most jurisdictions. *See Cook v. District Court in & for Weld County*, 670 P.2d 758, 760–761 (Colo.1983) [except in the case of petitioner's bad faith or plain frivolity, a trial court's discretion consists only of a determination of whether or not the petitioner is unable to pay]; *Portis v. Evans*, 249 Ga. 396, 291 S.E.2d 511, 513 (1982) [a plaintiff or defendant is entitled to proceed in forma pauperis until any other party in interest contests the truth of the pauper's affidavit]; *Thompson v. St. Mary's Hospital of Duluth*, 306 N.W.2d 560, 563 (Minn.1981) [trial court has broad discretion in determining whether or not expenses should be paid under the in forma pauperis statute]. Under Federal law, one must allege that he is unable to pay costs and, in addition, must state the nature of his action, defense, or appeal, and his belief that he is entitled to relief.[1] North Dakota authorizes a waiver of filing fees in civil cases under § 27–01–07, N.D. C.C.:

> *"27–01–07. Civil action fees—Waiver.* Any filing fees connected with any civil action to be heard in any of the courts of the judicial system as listed in section 27–01–01 may be waived with or without a hearing, *at the court's discretion,* by the filing of an in forma pauperis petition accompanied by a sworn affidavit of the petitioner relating the pertinent information regarding indigency." [Emphasis added.]

1. 28 U.S.C. § 1915 provides, in pertinent part;
   *§ 1915. Proceedings in forma pauperis*
   "(a) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he

   is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.
   "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

■ This court has not yet set forth the standard of review which is applicable to an appeal from the denial of a petitioner's request to proceed in forma pauperis in a civil action. We have, however, determined that our review of a petitioner's denial of appointed counsel in a criminal prosecution is limited to whether or not the trial court has abused its discretion. *State v. Jensen,* 265 N.W.2d 691, 694 (N.D.1978). The right to appointed counsel is founded in Article I, § 12 of the North Dakota Constitution[2], and in Rule 44 of the North Dakota Rules of Criminal Procedure.[3] There is, however, no constitutional right to the waiver of fees in a civil action. We therefore rely on the language of § 27–01–07, N.D.C.C., as the basis for our review of the trial court's decision. Section 27–01–07, N.D.C.C., states that a court *may,* in its discretion, waive filing fees. Incidentally, there was no provision for the waiver of filing fees in a civil action prior to the enactment of § 27–01–07 in 1977. We assume from reading § 27–01–07 that the Legislature intended that a court is entitled to exercise its discretion in examining a request to proceed in forma pauperis. At the same time, the Legislature contemplated that a court would not be allowed to arbitrarily deny such a request.

■ We therefore conclude that our review of the district court's decision is limited to determining whether or not the court abused its discretion. There has been no abuse of discretion exhibited by the court in the instant case.

■ Patten asserts that the district court should have granted his motion in the instant case because a federal court has granted him leave to proceed in forma pauperis in another matter. The significance of the federal court's granting of his motion in another matter is of minimal value to either the district court or to this court in this particular case. Patten also appears to assume that his financial status is the only factor which is considered by the trial court in examining his motion. Indigency is indeed the threshold for the granting of leave to proceed in forma pauperis. Yet, even if indigency is alleged sufficiently, the trial court still has discretion to deny a petition according to the language of § 27–01–07, N.D.C.C. As the Supreme Court of South Dakota stated in *Peck v. South Dakota Penitentiary Employees,* 332 N.W.2d 714, 716 (S.D.1983):

"Indigency, however, does not create a constitutional right to expend public funds and valuable time of the federal courts to prosecute an action which is totally without merit." [citing *Collins v. Cundy,* 603 F.2d 825 (10th Cir.1979)].

The court in *Peck, supra,* examined the federal courts' interpretations of the federal in forma pauperis statute in analyzing

**2.** Article I, § 12 of the North Dakota Constitution provides:

"ARTICLE I
"DECLARATION OF RIGHTS
"*Section 12.* In criminal prosecutions in any court whatever, the party accused shall have the right to a speedy and public trial; to have the process of the court to compel the attendance of witnesses in his behalf; and to appear and defend in person and with counsel. No person shall be twice put in jeopardy for the same offense, nor be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty or property without due process of law."

**3.** Rule 44, North Dakota Rules of Criminal Procedure, provides:

"RULE 44
"RIGHT TO AND ASSIGNMENT OF COUNSEL
"Absent a knowing and intelligent waiver, every indigent defendant is entitled to have

counsel appointed at public expense to represent him at every stage of the proceedings from his initial appearance before a magistrate through appeal in the courts of this state in all felony cases. Absent a knowing and intelligent waiver, every indigent defendant is entitled to have counsel appointed at public expense to represent him at every stage of the proceedings from his initial appearance before a magistrate through appeal in the courts of this state in all non-felony cases unless the magistrate has determined that sentence upon conviction will not include imprisonment. The court shall appoint counsel to represent a defendant at the defendant's expense if the defendant is unable to secure the assistance of counsel and is not indigent."

South Dakota's provision which was enacted in 1982.

■ According to Patten's affidavit, his action is an attempt to make Valery recompense him for instituting a theft of property charge against him and then dropping the charge a year later. Patten requested the following relief in his complaint against Valery Green:

1. A declaratory judgment stating that Valery's acts constituted theft, or attempted fraud, and that she was in violation of § 12.1–11–03, N.D.C.C., which prohibits false reporting to a law enforcement officer.

2. $1,400 for costs incurred by Patten in protecting himself from Valery's alleged unlawful acts and in defending himself against a class C felony charge instituted by Valery.

3. $2,800 to compensate Patten for Valery's "bad faith conduct, harassement [sic], mental anguish ...".

4. A jury trial.

The trial court, as well as this court, has been presented with numerous actions filed by Patten concerning the rights of Gary Patten as well as those of Valery Green. Based on the knowledge that the trial court possessed regarding the circumstances of the instant case, we conclude that the court did not abuse its discretion in denying Patten's motion.

Patten's request to overturn the trial court's decision is denied.

VANDE WALLE and LEVINE, JJ., concur.

ERICKSTAD, C.J., concurs in the result.

MESCHKE, Justice, concurring specially.

I concur in the result, but my reasons differ.

The filing fee for a civil case in district court is fifteen dollars. N.D.C.C. § 11–17–04(1). Patten, while incarcerated at the North Dakota State Penitentiary, sought to file a complaint pro se. He filed a "Petition for Leave to Proceed in Forma Pauperis," seeking to avoid paying the filing fee pursuant to § 27–01–07, N.D.C.C. The accompanying sworn "Declaration in Support of Motion for Leave to Proceed in Forma Pauperis" and an "Affidavit of Poverty," showed that he earned $1.65 per day in prison and had received $207 in cash gifts from relatives over the year prior to his filing. The district court returned his documents with only the following letter:

> "Your request to have the filing fees waived in this case are hereby denied. Your papers are herewith returned to you." [1]

If, as the majority opinion assumes, this request for waiver of the filing fee was denied because of the character of the accompanying complaint or because it was simply another one of many filed in the same district by a distressingly litigious type, I would view the denial as arbitrary and as an abuse of discretion. The exercise of judicial discretion is not a matter of grace, but should be consistent with sound legal principles fairly applied to the circumstances. *Chapman v. Dorsey*, 230 Minn. 279, 41 N.W.2d 438 (1950); 20 Am.Jur.2d, *Courts*, § 69, p. 434.

1. Our analysis in this case, as in others recently, is made more difficult because the district judge did not express any reason why he exercised his discretion to deny waiver. While not presently required by our procedural rules, (except for temporary injunctions and for orders for entry of judgment, Rule 52(a), N.D.R.Civ.P.,) there is considerable need in our judicial system for explaining the reasons for a court's action.

When a trial court enters an order on any matter before it, responsible exercise of judicial power suggests a need for explanation of the court's reasons. Citizens involved in court matters should know and understand, to the greatest extent possible, the reasons for what is happening to them. The public, as well as the appellate courts, should have some way to evaluate actions of a trial court. Perhaps justice should be "blind," in the sense of impartiality, but surely it should not be administered in silence or secrecy, in the sense of being done without apparent reason.

Neither pages nor paragraphs are necessary, but at least a phrase, reference, or sentence would help. The time may come when amendment to our rules should be considered to specifically require brief stated reasons for any judicial order. For now, we simply encourage the trial courts to give a succinct reason for each of their rulings.

A complaint can be dismissed under our rules if it fails to state a claim upon which relief can be granted; Rule 12(b)(5), N.D.R.Civ.P. The statute on waiver of the filing fee does not express a different standard for scrutiny of the merits of a complaint prior to public filing, and no different standard of scrutiny for pre-filing consideration should be implied. There are sufficient tools in our rules to deal with vexatious, repetitious or inanely expressed complaints, after public filing; see Rules 11, 12(c) and (f), and 56, N.D.R.Civ.P. Procedural regularity calls for application of the standards of measuring the adequacy of a pleading after a case is publicly filed, not before.[2]

Nor, in my view, can a forma pauperis petition be rejected simply for multiplicity of pro se suits. The familiar fable about the boy who cried "wolf" too often should not become a guiding principle of law, even if it is a human truism. Even the most irrational or irritating litigant may occasionally have a just cause.

Rather, the exercise of discretion when considering waiver of filing fees under the statute should focus on the circumstances of indigency. That is what the statute refers us to.

In this case, it is apparent that the "affidavit of poverty," which relates the pertinent information concerning indigency, did not sufficiently demonstrate grounds to waive the filing fee. Patten earns $1.65 a day at the prison. He got $207 from relatives in the last year. He did not show what he is spending those amounts for. Since his basic necessities are provided for in prison, it is not unreasonable to expect Patten to use those resources, which are certainly sufficient for a fifteen dollar filing fee, to invoke judicial process on his behalf. No injustice is done by requiring such an individual to choose between incidentals for himself and the filing fee to initiate his civil cause.

Thus, I concur that the district court did not abuse its discretion. There was reason evident from the affidavit relating the pertinent information regarding indigency to deny waiver of the filing fee.

**2.** There may be occasions when the character of the complaint will be a valid reason for granting a waiver. For example, when the pertinent information regarding indigency presents a close case, but the proposed complaint involves fundamental or constitutional rights, waiver of the filing fee would no doubt be within the bounds of discretion. We are not called upon to address such a situation in this appeal.