## S94A1172. MOORE v. ZANT.
### (448 SE2d 695)

CARLEY, Justice.

Appellant-plaintiff was found guilty of rape and murder and sentenced to death. On appeal, his convictions and sentences were affirmed. *Moore v. State*, 240 Ga. 807 (243 SE2d 1) (1978). On federal habeas corpus, his convictions were upheld, but his sentences were set aside and a new sentencing trial ordered. *Moore v. Kemp*, 809 F2d 702 (11th Cir. 1987); *Moore v. Zant*, 972 F2d 318 (11th Cir. 1992). He has yet to be resentenced and remains in the custody of appellee-defendant Warden of the Georgia Diagnostic and Classification Center.

Acting pro se, appellant filed suit against appellee, seeking release from appellee's custody and monetary damages for his detention. The trial court denied appellant the relief which he sought and

---

he appeals.

1. Appellant contends that because his original sentences were set aside, he is not subject to continued detention in the state prison system and appellee has no authority to detain him in that system.

It is undisputed that appellant was originally committed to detention in the state prison system pursuant to OCGA § 42-5-50. Appellant cites no authority, and we are aware of none, which automatically mandates a convicted criminal's release from the state prison system pending his resentencing trial. Appellant's convictions remain in effect and the only uncertainty is whether he will be sentenced to life or death for his crimes.

Appellant can, under certain circumstances, seek a judicial *transfer* from appellee's custody pending the resentencing trial. See *James v. Hight*, 251 Ga. 563 (307 SE2d 660) (1983). In the alternative, appellant's counsel can seek an administrative *transfer* pursuant to Rule 125-2-4.02 (d) (1) of the Board of Corrections. In no event, however, would appellant be entitled to an automatic *release* from appellee's custody simply because his original sentences have been set aside and he must now be resentenced. It follows, therefore, that the trial court did not err in denying appellant's claim for release from appellee's custody.

2. Since appellee's detention of appellant is not unlawful, appellant has no viable claim against appellee for monetary damages.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 11, 1994.

Carzell Moore, *pro se.*

Michael J. Bowers, Attorney General, William F. Amideo, *Assistant Attorney General,* for appellee.