PHILLIPS, Senior Circuit Judge,
concurring and dissenting:
I concur in the judgment to the extent it decides that under Employment Division v. Smith, 494 U.S. 872, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990), the pro se complaint failed to state a cognizable claim under the Free Exercise Clause. I dissent from the judgment to the extent it rejects a parallel claim under RFRA, either because RFRA was not invoked as a basis for such a claim by the pro se complaint, or because, if RFRA was so invoked, the claim was properly dismissed by summary judgment.
I.
I disagree with the lead opinion’s conclusion that the pro se complaint’s factual allegations did not require the district court even to address whether they might state a claim under RFRA. My basic reason is simple.
• If the bald factual allegations of this pro se complaint were sufficient to require the district court to consider sua sponte whether they stated a claim under the Free Exercise Clause — as both the district court and the lead opinion obviously, and rightly, have assumed — they are sufficient to require consideration of that possibility under the parallel, but broader and more protective, provisions of RFRA. The complaint no more expressly invokes the constitutional right than the statutory right as the legal basis for the relief claimed. The one legal theory is no more implicit in the allegations to the trained legal eye than is the other. Both were in existence at the time the district court considered the complaint. Neither required for its recognition a search for obscure legal theories on the uncertain margins of established law; both, equally, leapt from the allegations.
As a matter of simple logic and the even handed administration of settled procedural rules to all litigants, this complaint should have been assessed for its sufficiency to state a claim- under RFRA. See Muslim v. Frame, 897 F.Supp. 215, 216 (WD.Pa.1995) (Poliak, J.) (so holding: “RFRA is the law, regardless of whether the parties mention it”)..
As I read the lead opinion, it avoids this result on two grounds. First, that our en banc decision in Cochran v. Morris, 73 F.3d 1310 (4th Cir.1996) (en banc), prevents it, being circuit precedent for the proposition that a district court is under no obligation sua sponte to consider whether such a pro se complaint states a claim under RFRA. But, Cochran holds no such thing. Under the en banc court’s assessment of the procedural posture of that case as it reached this court the only question presented was the propriety of the district court’s dismissal under 28 U.S.C. § 1915(d) of an inmate’s complaint filed and considered by that court before RFRA’s enactment. Under those circumstances, this court expressly noted that the question of RFRA’s possible application to the case by virtue of the facts pleaded in the inmate’s complaint was not before the court. See id. at 1317 & n. 3 (“We do not reach the applicability of RFRA to this claim”). Cochran therefore had nothing to say about the obligation of a district court sua sponte to consider whether factual allegations in a complaint filed after RFRA’s enactment might state a claim under that statute.
The lead opinion then says that to the extent circuit precedent, specifically that in Gordon v. Leeke, 574 F.2d 1147 (4th Cir. *-1330 1978), requires any special solicitude by district courts in divining applicable legal theories in pro se inmate complaints the obligation extends, per Gordon, only to perceiving “constitutional” rights implicit in the allegations. This is unfounded. Gordon’s several references to “constitutional rights” could only have reflected the fact that the civil rights at issue in that case (and in the district court case being quoted in Canty v. City of Richmond, 383 F.Supp. 1396 (E.D.Va.1974)) were constitutional rights. But, the right of action conferred by 42 U.S.C. § 1983 embraces statutory as well as constitutional civil rights, and the special solicitude enjoined by Gordon clearly extends to statutorily as well as constitutionally-based civil rights.
In any event, even if such a constitutional right limitation were thought to exist, it surely would not bar consideration of the right created by RFRA which, however viewed, (a matter pending consideration in City of Boeme) avowedly derives directly from the constitutional right guaranteed by the Free Exercise Clause.
The lead opinion’s position is not only illogical and not compelled by circuit precedent, it is at odds with the considered judgment and experience of district courts in the proper handling of pro se inmate complaints. In consequence, it yields a perverse practical result. The complaint at issue here is one that faithfully followed the mandate of the applicable local rule of the district court which was to “tell your story briefly without citing cases or law” in a form complaint supplied by the court. See J.A. 8. Such complaint forms and local rules directing their required use by inmates are widely utilized in the district courts and have “proved extremely helpful ... in clarifying pleadings often almost hopelessly confused and unintelligible.” Serna v. O’Donnell, 70 F.R.D. 618, 620 (W.D.Mo.1976); see also Federal Judicial Center, Managing Prisoner Civil Right Litigation 7.81 (1996).
As this court recognized in Gordon v. Leeke, there must of course be some limits to a district court’s obligation to divine legal theories in pro se prisoner complaints, lest it be required to “become an advocate for the pro se plaintiff.” Gordon, 574 F.2d at 1151. But, those limits surely have not been reached in this case. By nonetheless imposing them here, the lead opinion would convert a perfectly rational local rule into a Catch-22 trap for this (and comparably situated) pro se inmate plaintiffs. Had this claimant merely mentioned RFRA, he would have been entitled to have it considered as a possible source of a claimed right; not having mentioned it, as the local rule told him not to, he is not so entitled. That is not right here, and it is not right as a general proposition. We should keep in mind that until the basic pleading and claim interception rules are changed, the bells of procedural precedent toll — or should if we are faithful — for all litigants alike.
II.
I also disagree with the concurring opinion’s position that, assuming or conceding that the complaint sufficed to raise and state a RFRA claim, that claim was nevertheless properly dismissed by summary judgment.
To show why requires a brief review of the relevant proceedings in the district court. Defendant-appellee’s motion for summary judgment urged as its sole ground that Brock’s pipe, having been modified, was properly confiscated as contraband under valid prison regulations. J.A. at 116. Her supporting affidavit supports only that ground of defense. J.A. at 122-24. Neither the motion nor the affidavit was addressed to the sincerity or religious nature of Brock’s beliefs, whether possession of the pipe in any particular form was central to his beliefs, or whether its confiscation substantially burdened his free exercise of religion. Indeed, the motion on its face gave no indication that it was addressed to a Free Exercise (or RFRA) claim. Neither the motion, nor its supporting affidavit, nor the Roseboro notice based upon them, see JA. at 126, therefore served to give Brock notice that those issues might, unless specifically controverted by materials other than his verified complaint, provide a basis for rejecting his claim as a matter of law.
*-1329 The district court nevertheless, while properly treating the claim as one invoking a Free Exercise Clause right (though not a right under RFRA), then granted summary judgment on two stated grounds: (1) that “the prison presumably [has] a substantial interest in restricting the length of pipes in the possession of its inmates” and (2) that Brock had “failed to present any facts whatsoever demonstrating a sincere religious belief that would require him to have a ‘prayer pipe’ in his possession,” and even if he had, no facts showing “that possession of a pipe measuring a certain length is essential to the exercise of those beliefs.” J.A. at 151 (emphasis supplied).
The first ground is flatly unwarranted under established summary judgment law. It is not enough, as was done here, merely to identify a state interest that might support burdening a claimed right, such as the Free Exercise (or RFRA) right here at issue; to support a grant of summary judgment on such a basis, the interest must be identified in a more particularized form related to the right at issue. Caldwell v. Miller, 790 F.2d 589, 598-99 (7th Cir.1986) (holding that merely conclusory assertion by state that security considerations warrant blanket ban on all group religious services does not support grant of summary judgment); Weaver v. Jago, 675 F.2d 116, 119 (6th Cir.1982) (holding that a “state must do more than simply offer conclusory statements that a limitation on religious freedom is required for security, health, or safety” in order to obtain summary judgment).
The second ground — the lack of any evidence of a sincere religious belief — was not, as indicated, one asserted in the summary judgment motion, nor noticed to Brock as a possible basis for granting summary judgment. District courts are not strictly bound to specific grounds urged in motions for summary judgment; they may consider others sua sponte, but they should do so only after insuring that the nonmovant has had a fair opportunity to contest the grant on that ground. See generally, 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil § 2719, p. 15 (2d ed.1983). That, of course, was not what happened here. On this record, Brock had no notice that the sincerity of his religious beliefs and the relevance to those beliefs of his possession of the pipe might be seized upon as the basis for granting summary judgment to the appellee. Had he been, it is of course possible that he might have made available for consideration by the court those materials which the concurring opinion correctly points out were not properly before the court under the summary judgment rules. Whether, if considered, they would have precluded the grant of summary judgment on this ground we need not decide. It suffices that they have obvious relevance to the issue, and that there might be still other materials that could be brought to bear once it was known to Brock that they might be needed to forestall summary judgment.
III.
This action could well turn out, if allowed to proceed, to be one without merit under RFRA; RFRA might indeed fall to the pending constitutional challenge in City of Boeme. But the free exercise claim alleged in the action is not one frivolous on its face, given the broad sweep of the constitutional right as even more broadly protected by RFRA. Cf. Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah, 508 U.S. 520, 546-47, 113 S.Ct. 2217, 2233-34, 124 L.Ed.2d 472 (1993) (recognizing ritual animal sacrifice as free exercise right under circumstances of case). No suggestion has been made that it was subject to dismissal as such under 28 U.S.C. § 1915(d). Nor is it precluded by any of the systemic legislative or judicial barriers to inmate suits presently in place. It therefore comes to us as an ordinary civil action to be dealt with under the relevant local and general civil rules as any other. Under those rules, this action should be treated as having alleged a cognizable free exercise claim under RFRA that was not, on the record before the district court, properly dismissed by summary judgment.
The proper disposition of the case, accordingly, would be a vacatur of the grant of summary judgment and a remand to the district court for further proceedings on the motion on a reopened record and in light of the views expressed in this opinion. See *-1328 John Deere Co. v. American Nat Bank, 809 F.2d 1190 (5th Cir.1987) (remanding for further proceedings where summary judgment improperly granted on grounds not urged in motion). I would so hold, but would instruct in remanding that the district court might, if so disposed, hold further proceedings in abeyance pending the Supreme Court’s decision in City ofBoeme.