FINAL COPY
294 Ga. 504

S13A1368.  DAKER v. HUMPHREY.

BENHAM, Justice.

In September 2012, a Cobb County jury found appellant Waseem Daker guilty of malice murder, burglary, false imprisonment, aggravated battery and criminal attempt to commit aggravated stalking. On October 1, 2012, the trial court sentenced appellant to life in prison and a term of years.  Since his conviction, appellant has moved for a new trial and states his intention to take additional legal action including a direct appeal to this Court.   Appellant is incarcerated at the Georgia Diagnostic and Classification Prison (GDCP) within the Special Management Unit (hereinafter "SMU").  During his incarceration, appellant contends he has complained several times to prison officials about having no access to a law library or legal materials. On January 10, 2013, appellant, proceeding pro se, attempted to file a petition for a writ of mandamus in the Superior Court of Butts County seeking to compel the Warden to provide him access to a law library. The petition was accompanied by a motion to proceed in forma pauperis.  On February 14, 2013, the trial court ordered the

clerk not to allow filing of the mandamus petition because it concluded the petition was frivolous on its face. The trial court also denied appellant's motion to proceed in forma pauperis. Appellant filed an application for discretionary review and this Court granted it, posing the following question: "Whether the trial court erred in denying filing of applicant's petition for mandamus." Because we find error, the trial court's order denying filing is reversed and the matter is remanded with direction.

Prisoners have a constitutional right of access to the courts. Bounds v. Smith, 430 U. S. 817, 821 (II) (A) (97 SCt 1491, 52 LE2d 72) (1977). This right of access to the courts "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828. See also Portis v. Evans, 249 Ga. 396 (2) (291 SE2d 511) (1982). "Prisoner access to the courts in order to challenge unlawful convictions and to seek redress for violations of constitutional rights cannot be unjustifiably denied or obstructed. [Cit.]" Howard v. Sharpe, 266 Ga. 771, 772 (1) (470 SE2d 678) (1996). Meaningful access to the courts includes the right to contest the legality of a conviction. Id. Any restriction on a prisoner's access to the courts must

be "clearly warranted by the particular circumstances of each case." Id. at 773. In keeping with Bounds, supra, this Court has upheld relief granted to an inmate who lacks access to an adequate law library. See James v. Hight, 251 Ga. 563, 564 (307 SE2d 660) (1983) (affirming trial court's order transferring inmate to a facility with an adequate law library). See also Portis v. Evans, supra, 249 Ga. at 397 (visitation by an attorney unable to provide legal assistance to a prison without an adequate library did not comply with Bounds).

A trial court may deny filing of a civil action such as a petition for a writ of mandamus if the pleading on its face shows a complete absence of any justiciable issue of law or fact such that the court could not grant any relief. Yizar v. Ault, 265 Ga. 708 (1) (462 SE2d 141) (1995). Based on our review of the allegations in the petition at bar, we cannot say there is a complete absence of any justiciable issue of law or fact such that the trial court could not grant relief. Here, appellant has several matters pending in the courts and contends he has no access to a law library. "When an inmate claims that he was denied all access to a jail law library or jail legal resources during the course of litigation . . . , the claim is a serious one and should be carefully considered by the trial court." Portee v. State of Ga., 277 Ga. App. 536, 537, n. 2 (627 SE2d

3

63) (2006).[1]  Accordingly, the trial court's decision to deny filing of appellant's mandamus petition is reversed, and the matter is remanded to the trial court for it to allow filing of the mandamus petition and for it to revisit appellant's attached pauper's affidavit.[2]

Judgment reversed and case remanded with direction.  All the Justices concur.

---

[1] The fact that appellant has been able to file various pleadings in the courts does not in and of itself render his allegations superfluous or frivolous.  For example, the right of access also includes a post-filing opportunity to research and formulate rebuttals to authorities cited in the responsive pleadings of the adversary.  See Morrow v. Harwell, 768 F2d 619 (II) (5th Cir. 1985).

[2] We note that the merits of a claim concerning access to a law library are unaffected by whether appellant is indigent.  See Straub v. Monge, 815 F2d 1467 (11th Cir. 1987) (Bounds, supra, applies to all inmates regardless of their indigency status or their means to hire a lawyer).  If appellant is allowed to proceed in forma pauperis or is able to pay filing fees, the mandamus petition must proceed on the merits.

Decided February 24, 2014.

Murder, etc. Butts Superior Court. Before Judge Wilson.

Waseem Daker, <u>pro se.</u>

Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Angelique B. McClendon, Assistant Attorney General, for appellee.