# Court of Appeals
# of the State of Georgia

ATLANTA,  May 08, 2020

*The Court of Appeals hereby passes the following order:*

**A20A1784. LASHAWN DEANGELO GREER v. THE STATE.**

In 2012, LaShawn Grier pled guilty to armed robbery. He subsequently moved to withdraw his guilty plea, and the trial court denied the motion. We affirmed that ruling in an unpublished opinion. *Grier v. State*, Case No. A15A0427, decided May 5, 2015. In December 2019, Grier filed a motion to set aside a judgment, arguing that his indictment was flawed. The trial court denied the motion, and Grier filed this appeal.[1]

As the Georgia Supreme Court has made clear, a motion seeking to set aside or vacate an allegedly void criminal conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case, and an appeal from the trial court's ruling on such a motion must be dismissed. See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010); see also *Jones v. State*, 290 Ga. App. 490, 494 (2) (659 SE2d 875) (2008) (challenge to validity of indictment is challenge to conviction). Accordingly, this appeal is hereby DISMISSED.

---

[1] In its order, the trial court also purported to bar any future filing by Grier. Although a trial court may have authority to reject frivolous filings, a court may not deny a prisoner access to court. See *Daker v. Humphrey*, 294 Ga. 504, 505 (755 SE2d 201) (2014) ("Prisoners have a constitutional right of access to the courts. . . . Any restriction on a prisoner's access to the courts must be 'clearly warranted by the particular circumstances of each case.'").



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* __05/08/2020__
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*