## 28683. NEAL v. THE STATE.

INGRAM, Justice.

The appellant, an inmate of the Reidsville State Penitentiary in Tattnall County, filed a motion in forma pauperis in the Superior Court of Meriwether County seeking an appeal from his conviction and sentence for murder in that court approximately seven years prior to the filing of the motion. Appellant also sought appointment of counsel to prosecute the appeal in his behalf. The trial court "overruled and dismissed" the motion in an order finding that at the time of the conviction and sentence appellant had been "properly advised and represented by capable counsel and that he through counsel entered into a consent verdict, which amounts to a plea of guilty," and that he was otherwise not entitled to an appeal. The present appeal is from this order.

A notice of appeal must be filed within thirty days after entry of the appealable judgment or within thirty days after the entry of an order disposing of a motion for new trial. Code Ann. § 6-803 (a). The time for filing such notice may be extended once by the court for an additional thirty days. Code Ann. § 6-804. Unless the notice of appeal is timely filed in accordance with the statute, this court does not have jurisdiction to review the original adverse judgment on appeal. *Jordan v. Caldwell,* 229 Ga. 343, 344 (191 SE2d 530).

A timely-filed direct appeal will lie from a judgment entered on a consent verdict or guilty plea. See, e.g., *Smith v. State,* 231 Ga. 23 (200 SE2d 119). Under the Habeas Corpus Act of 1967 (Code Ann. § 50-127), there is provided an adequate post-conviction remedy to a prisoner seeking relief upon a claim arising from the substantial denial of rights guaranteed by the Federal or State Constitutions or by the statute laws of the state, including, as alleged in the present case, the denial of the right of appeal or of the effective assistance of counsel on appeal. See *McAuliffe v. Rutledge,* 231 Ga. 745, and s.c. 231 Ga. 1 (200 SE2d 100).

The motion in the present case, being in the nature of a petition for the writ of habeas corpus, should have

been filed in the superior court wherein the petitioner is being detained, not in the convicting court. Code Ann. § 50-127 (b). The trial court did not err in dismissing appellant's motion in this case.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 25, 1974 — DECIDED APRIL 16, 1974.

James Oliver Neal, *pro se.*

*Eldridge W. Fleming, District Attorney, Arthur K. Bolton, Attorney General, David L. G. King, Jr., Assistant Attorney General,* for appellee.