## 29790. CRAIG v. THE STATE.

JORDAN, Justice.

This is an appeal from the dismissal of a petition for a writ of habeas corpus and a motion to vacate judgment in the Clayton County Superior Court.

Larry Craig, appellant here, is presently incarcerated in the United States Penitentiary in Terre Haute, Indiana. Appellant's habeas corpus petition was dismissed for lack of jurisdiction due to the fact that he was not restrained of his liberty in the county in which the petition was filed. Code Ann. § 50-127 (3); *Neal v. State,* 232 Ga. 96 (205 SE2d 284). The motion to vacate judgment was dismissed due to a failure to prosecute same. Since a motion to vacate judgment is not a proper vehicle to attack a void criminal conviction, the motion will be treated

herein as an addition to appellant's original habeas corpus petition.

The trial judge erred in dismissing appellant's petition for habeas corpus relief on the grounds that he was not presently detained in Clayton County. If a petitioner desires to attack what he considers a void conviction, and he is restrained by federal authorities in another state, proper jurisdiction to entertain his habeas petition is the one in which he was sentenced. *Nix v. State,* 233 Ga. 73 (209 SE2d 597). If the petitioner is incarcerated by the federal authorities within the State of Georgia, the proper county to bring his petition for writ of habeas corpus is the county in which he is detained. *Smith v. State,* 234 Ga. 390; *Parris v. State,* 232 Ga. 687 (208 SE2d 493).

To hold otherwise would deny the petitioner a forum to voice his complaint to an allegedly void state conviction, thereby allowing any adverse collateral consequences to remain with him during the time of his federal confinement, and after his release.

It was error to dismiss appellant's complaint and the judgment is reversed and remanded with direction that a hearing be held and that petitioner's complaint be considered on its merits.

*Judgment reversed and remanded with direction. All the Justices concur, except Undercofler, P. J., who dissents.*

Submitted March 28, 1975 — Decided May 13, 1975.

Larry Craig, *pro se.*

*William H. Ison, District Attorney, Michael D. Anderson, Assistant District Attorney,* for appellee.