.30492. SMITH v. GARNER et al.

INGRAM, Justice.

The Superior Court of Floyd County granted a summary judgment, on motion of the State Board of Corrections, denying habeas corpus relief to appellant and this court granted an application to review that

decision. The summary judgment against appellant was based on two grounds: (1) the Superior Court in Floyd County lacked jurisdiction and venue in the case; and (2) the grounds of the present habeas corpus action, attacking sentences imposed in Floyd County, could have been raised in an earlier habeas corpus proceeding brought by appellant in another county where he was then detained.

Appellant was in the temporary physical custody of the Sheriff of Floyd County at the time he filed the present petition for habeas corpus on January 13, 1975. He was granted an order by the State Board of Corrections to be transferred temporarily to Floyd County from the State Correctional Institute in Ware County to attend the funeral of his father on January 11, 1975. Rule 125-2-2.09 of the State Board of Corrections provided for such discretionary compassionate visits by releasing an inmate to the temporary custody of the local sheriff upon condition the sheriff assume responsibility for him, maintain the inmate in safe custody and return him after the funeral to the state institution at no expense to the Board of Corrections. Appellant was later returned to the Ware County Correctional Institution pursuant to an order of the Superior Court of Floyd County dated January 21, 1975.

The petition for habeas corpus, filed January 13, 1975, in Floyd Superior Court, originally was brought against the Sheriff of Floyd County, but the State Board of Corrections sought and was granted leave to intervene as a party respondent in the case. The state successfully urged the trial court to grant a summary judgment denying habeas corpus relief on several grounds, but primarily for lack of jurisdiction and venue and this appeal followed in due course.

Appellant argues that the Superior Court of Floyd County had jurisdiction in the case and that venue is proper because the action lies in the county where the petitioner for habeas corpus is being detained. See Code Ann. § 50-127 (3). Appellant also argues that he is entitled to a hearing in the trial court on the grounds of his habeas corpus petition because these grounds were not raised in his first habeas corpus case and have not been waived by

him. *Smith v. Ricketts,* 234 Ga. 797 (218 SE2d 74) (1975).

The state does not contest the jurisdiction of the trial court to hear this case, nor does it argue on appeal that appellant has waived his right to be heard on these issues. Instead, the state has narrowed the question addressed in its original brief and supplemental brief to the threshold venue issue, and it argues that since this issue was correctly decided in the trial court, we must affirm the summary judgment under the principle that a judgment, if right for any reason, must be affirmed. See *Gilstrap v. Wilder,* 233 Ga. 968, 969 (213 SE2d 895) (1975).

Essentially, the state's position on the venue issue is that a habeas corpus action "must be brought in the county where [the petitioner] is 'restrained,' 'detained,' and 'in custody' by virtue of the sentences in question" and under attack in the habeas proceeding. The state argues that appellant remained, during this compassionate visit to Floyd County granted by the Board of Corrections, in the legal custody of the Superintendent of the Ware County Correctional Institution where appellant was "detained" by virtue of the sentences he attacked in the case. The state relies on Code Ann. § 77-309 (b) which provides that a state prisoner "shall be committed to the custody of the Director of Corrections, who, with the approval of the State Board of Corrections, shall designate the place of confinement where the sentence shall be served." Thus the state argues that a state prisoner lawfully can file a petition for habeas corpus only in the county where he has been assigned pursuant to the Corrections Director's designation under Code Ann. § 77-309 (b).

Under the state's argument, a prisoner in a state institution whose actual custody is transferred temporarily by the Board of Corrections to another county and placed in the responsibility of an official in that county, for any reason deemed necessary and appropriate by the board, cannot initiate habeas corpus proceedings while he is there, even though the temporary transfer may last several months or several years.

Appellant urges that the venue requirements of the Habeas Corpus Act of 1967 are satisfied in this case because appellant was in Floyd County under the detention, control and custody of the sheriff by virtue of

the transfer order of the Board of Corrections. Appellant argues that when a person detained is before the court, it is the policy of the law for that court to inquire into the cause of restraint and pass such an order as the case requires. See *Johnson v. Caldwell,* 229 Ga. 548, 549 (192 SE2d 900) (1972).

In *Colton v. Martins,* 230 Ga. 482 (197 SE2d 729) (1973), the Superior Court of Cobb County had before it a habeas action in which it was alleged that the acting Superintendent of the Cobb County Juvenile Detention Home was illegally detaining a juvenile there by virtue of an order of the Juvenile Court of Meriwether County. The superior court ruled it had no jurisdiction to hear the case because jurisdiction was in the Superior Court of Meriwether County and therefore ordered the case transferred to that court for a hearing.

On appeal, this court reversed by holding that § 50-127 (3) of the Code was controlling as to jurisdiction and venue in habeas corpus proceedings and that, since the person detained was before the court, it should have inquired into the cause of the detention. In reaching this conclusion, the opinion cited *McBurnett v. Warren,* 208 Ga. 225, 229 (66 SE2d 49) (1951) which stated, "We are cited to no case, based on the restraint of personal liberty, where it was held that the writ [of habeas corpus] could be issued in a jurisdiction other than where the actual physical illegal detention existed, nor have we been able to find one." See, also, *Neal v. State,* 232 Ga. 96 (205 SE2d 284) (1974).

We think these cases illustrate the policy of Georgia has been that generally venue in habeas corpus cases involving restraint of the personal liberty of a prisoner within the state lies in the county where the actual physical detention exists.[1] This is what we interpret Code Ann. § 50-127 (3) to mean where it provides that, "[t]he

---

[1]See *Nix v. State,* 233 Ga. 73 (209 SE2d 597) (1974), in which Code Ann. § 50-127 (3) was interpreted to authorize a post-conviction habeas corpus action to be filed, under the circumstances of that case, in the county of the sentencing court despite the petitioner's incarceration

petition must be filed in the superior court of the county wherein the petitioner is being detained." The remaining provision of § 50-127 (3) is the jurisdiction section as it states that the "superior courts of such counties [i.e., the county where the actual physical detention exists] have exclusive jurisdiction" of these habeas corpus actions.

Clearly then, jurisdiction and venue of the present action lie in the Superior Court of Floyd County. Appellant's custody had been transferred to the Sheriff of Floyd County by the State Board of Corrections and appellant was actually and physically detained in that county by the sheriff.[2] *McBurnett v. Warren,* supra, and *Colton v. Martins,* supra.

There remains for consideration whether appellant is entitled to an evidentiary hearing on the merits of the grounds asserted in this habeas corpus petition. We think so. The trial court held, in effect, that appellant has waived these grounds because they could reasonably have been urged by appellant in the earlier habeas case.

Our view of the transcript and record indicates that appellant repeatedly requested his counsel at that time to assert these grounds in his first case. However, contrary to the assurances of appellant's counsel, they were not raised or considered by the court and appellant has never received a hearing on them. Under the terms of the Habeas Corpus Act (Code Ann. § 50-127 (1)), there must be "an intentional relinquishment or abandonment of a

---

elsewhere. See, also, *Craig v. State,* 234 Ga. 398 (216 SE2d 296) (1975).

[2]It is true, as Professor Donald E. Wilkes, Jr., suggests in his excellent article found in the Fall 1974 edition of the Ga. L. Rev., Vol. 9, p. 71, that the statutory requirement for post-conviction habeas relief to be brought in the superior court of the county where the petitioner is imprisoned, may well have "engendered inequities in the distribution of the workload created by the [Habeas Corpus] Act." However, the public policy considerations involved in the present statute must be addressed to the General Assembly as the lawmaking body of state government.

known [constitutional] right" which "was participated in by the party and was done voluntarily, knowingly and intelligently."

Although appellant's earlier counsel did not raise the present constitutional grounds in the first habeas case, it is clear that appellant did not waive them as he tried to raise them and did not voluntarily, knowingly and intelligently relinquish or abandon these grounds which he now seeks to assert through his present counsel. Therefore, we hold that appellant is entitled to an evidentiary hearing on the merits of the constitutional grounds he asserts in this case.

*Judgment reversed. All the Justices concur, except Hall, J., who concurs specially, and Nichols, C. J., and Jordan, J., who dissent.*

ARGUED NOVEMBER 12, 1975 — DECIDED JANUARY 7, 1976 — REHEARING DENIED JANUARY 27, 1976.

*Garland, Nuckolls & Kadish, Edward T. M. Garland, Cliffe Lane Gort,* for appellant.

*Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., Assistant Attorney General,* for appellees.