S02A1551. THE STATE v. SMITH.
(573 SE2d 64)

CARLEY, Justice.

A jury found Alkareem Smith guilty of felony murder. New counsel represented him on motion for new trial and on appeal, and the conviction and life sentence were affirmed. *Smith v. State*, 262 Ga. 814 (425 SE2d 879) (1993). Appellee did not raise the effectiveness of his trial lawyer until 2001, when he filed an extraordinary motion for new trial and asserted that as one of the grounds. The trial court granted the motion, concluding that the trial attorney was ineffective and that appellate counsel was "necessarily" ineffective for failing to raise that as an issue on motion for new trial and direct appeal. The State appeals from the trial court's order.

1. Smith urges that we do not have jurisdiction over an appeal by the State from the grant of an extraordinary motion for new trial. See OCGA § 5-7-1; *State v. Gossett*, 214 Ga. 840 (108 SE2d 272) (1959). "However, it is an elementary rule of pleading that substance,

not mere nomenclature, controls." *Birt v. State*, 256 Ga. 483, 485 (3) (350 SE2d 241) (1986). Thus, the denomination of the trial court's order as the grant of an extraordinary motion for new trial does not affect our jurisdiction to consider its merits if, as a matter of substance, it is one which the State otherwise is authorized to appeal.

"The law is clear that any errors which could have been discovered through the exercise of proper diligence cannot form the basis for an extraordinary motion for new trial. [Cits.]" *Goodwin v. State*, 240 Ga. 605 (242 SE2d 119) (1978). See also *Depree v. State*, 246 Ga. 240, 244 (6) (271 SE2d 155) (1980). "It is axiomatic that a claim of ineffectiveness of trial counsel must be asserted at 'the earliest practicable moment.' [Cit.]" *Bailey v. State*, 264 Ga. 300 (443 SE2d 836) (1994). This "requires that that claim be raised *before appeal* if the opportunity to do so is available. . . ." (Emphasis in original.) *Glover v. State*, 266 Ga. 183, 184 (2) (465 SE2d 659) (1996). Here, Appellee was represented by new appellate counsel who did not raise the issue in either the original or amended motion for new trial. Under these circumstances, his ineffective assistance claim was waived because it was not timely asserted. *Thompson v. State*, 257 Ga. 386, 387 (2) (359 SE2d 664) (1987). Since, as a matter of law, that issue should have been raised earlier but was not, it cannot form the basis of an extraordinary motion for new trial. See *Goodwin v. State*, supra.

Habeas corpus is the exclusive post-appeal procedure available to a criminal defendant who asserts the denial of a constitutional right. OCGA § 9-14-41; *Saleem v. Forrester*, 262 Ga. 693, 694 (424 SE2d 623) (1993). Thus, Smith's extraordinary motion for new trial must be construed as a petition for a writ of habeas corpus. See *Waye v. State*, 239 Ga. 871, 875 (1) (238 SE2d 923) (1977). The grant of his motion is, therefore, directly appealable under OCGA § 9-14-52 (c).

2. It is unclear where Appellee was detained at the time he filed his pleading. In supporting material, he represented that his "current location" was a state prison facility in Baldwin County. If that is so, then only the superior court of that county would have jurisdiction to address the merits of his claim. OCGA § 9-14-43; *Waye v. State*, supra at 875 (1). The record also contains material indicating that he was incarcerated in Fulton County. Even assuming that the superior court of that county had jurisdiction, however, our review of its order granting Smith's motion demonstrates a failure to apply the proper habeas analysis.

For purposes of habeas relief, the assertion of ineffective assistance of trial counsel is procedurally barred unless Smith can demonstrate cause for the failure to raise the claim on appeal and actual prejudice arising therefrom. OCGA § 9-14-48 (d); *White v. Kelso*, 261 Ga. 32, 33 (401 SE2d 733) (1991). Here, the trial court did not make a specific finding as to the cause for appellate counsel's failure to raise

the issue. *White v. Kelso*, supra. The ineffectiveness of appellate counsel can constitute sufficient "cause." See *Turpin v. Todd*, 268 Ga. 820, 825 (2) (a) (493 SE2d 900) (1997). However, Appellee did not call his appellate counsel as a witness to rebut the presumption of effectiveness, and the trial court simply concluded that that attorney was "necessarily" ineffective for failing to raise the issue.

The proper standard for evaluating the effectiveness of appellate counsel is set forth in *Shorter v. Waters*, 275 Ga. 581 (571 SE2d 373) (2002). See also *Battles v. Chapman*, 269 Ga. 702 (506 SE2d 838) (1998). Applying that standard, the ineffectiveness of trial counsel would be procedurally defaulted for purposes of habeas corpus relief unless Smith can meet his burden of showing that appellate counsel's decision to forego that issue was an unreasonable tactical move which no competent attorney in the same situation would have made. See *Shorter v. Waters*, supra at 585; *Battles v. Chapman*, supra at 705 (1) (a). "The reviewing court may not use hindsight to second-guess appellate counsel's strategy and tactical choices. [Cit.]" *Battles v. Chapman*, supra at 704 (1) (a). To overcome the presumption that his appellate counsel was effective, Appellee must prove that the failure to raise the issue of his trial lawyer's effectiveness was a decision which "only an incompetent attorney would have adopted." *Shorter v. Waters*, supra at 585. See also *Battles v. Chapman*, supra at 705 (1) (a).

Accordingly, the order is reversed and the case is remanded with direction that the trial court enter a new order which contains pertinent findings and conclusions if it has jurisdiction or that it transfer the case to the appropriate superior court if it does not.

·*Judgment reversed and case remanded with direction. All the Justices concur, except Benham, J., who dissents.*

DECIDED NOVEMBER 25, 2002 —
RECONSIDERATION DENIED DECEMBER 13, 2002.

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellant.
*Cole, Bryman & Clerke, William H. Clerke IV*, for appellee.