S04A2035. PREER v. JOHNSON et al.

(610 SE2d 46)

FLETCHER, Chief Justice.

The question in this case is whether a properly filed habeas corpus petition may be transferred to another county's superior court when the petitioner is transferred to that county for detention. We

---

[7] *Neil,* 409 U. S. at 198.
[8] Id.

hold that the habeas petition may be transferred so long as the petitioner's transfer is not done to frustrate habeas relief.

This Court affirmed Eric Preer's convictions for malice murder and related crimes in 2002.[1] On June 13, 2003, Preer filed a habeas corpus petition in Muscogee County, where he was incarcerated. Shortly thereafter, Preer was transferred to a Gwinnett County prison, and Preer's habeas petition was transferred to Gwinnett County Superior Court over his objection. The Gwinnett County court approved the transfer, but granted Preer's request for a certificate of immediate review. On June 30, 2004, this Court granted Preer's application for interlocutory appeal.

1. OCGA § 9-14-43 provides that a "petition brought under this article must be filed in the superior court of the county in which the petitioner is being detained. The superior courts of such counties shall have exclusive jurisdiction of habeas corpus actions arising under this article." As the Gwinnett County court correctly found, this statute is clear that a habeas petitioner must file in the county where he is presently detained, but is silent on what should happen to the petition if the petitioner is subsequently transferred to another county for detention. Contrary to Preer's assertion, the "exclusive jurisdiction" language in the statute's second sentence does not address this issue — it only means that superior courts, as opposed to other courts, have subject matter jurisdiction over habeas petitions.[2]

We therefore turn to Georgia case law. In *State v. Smith*,[3] this Court held that the superior court of the county in which a petitioner is currently detained has jurisdiction over his habeas petition. Specifically, we stated that Smith "represented that his 'current location' was a state prison facility in Baldwin County. If that is so, then *only the superior court of that county* would have jurisdiction to address the merits of his claim."[4] Therefore, *State v. Smith* supports the transfer of Preer's habeas petition to Gwinnett County Superior Court.

Preer argues that under *Smith v. Garner*,[5] a properly filed habeas petition cannot be transferred to another county. This is an incorrect reading of our holding in that case. We simply rejected the State's argument that a petitioner cannot even *initiate* a habeas petition while incarcerated in a temporary location, which we feared

---

[1] *Preer v. State*, 275 Ga. 125 (562 SE2d 175) (2002).

[2] See, e.g., *Hopkins v. Hopkins*, 237 Ga. 845, 847 (229 SE2d 751) (1976) ("All superior courts of this state have jurisdiction over the subject matter of habeas corpus cases or cases in the nature of habeas corpus.").

[3] 276 Ga. 14 (573 SE2d 64) (2002).

[4] Id. at 15 (emphasis supplied).

[5] 236 Ga. 81, 85 (222 SE2d 351) (1976).

could lead to a temporary detention "last[ing] several months or several years" with no opportunity for habeas relief.[6] That case does not address whether a petition properly filed in one county can be transferred to another county when the petitioner is transferred there for detention.

2. Allowing a habeas petition to be transferred if the petitioner is transferred is also in accordance with Georgia's policy, as stated in *Smith v. Garner*, "that generally venue in habeas corpus cases involving restraint of the personal liberty of a prisoner within the state lies in the county where the actual physical detention exists."[7] The duty to defend a habeas action should generally fall upon the petitioner's custodian. We limit our holding, however, to instances when a petitioner's county of incarceration is changed for legitimate or routine reasons. When, on the other hand, it is done to forum shop for a less petitioner-friendly habeas court, or would otherwise frustrate habeas relief, the petition should not be transferred.[8] Because Preer presents no evidence that the transfer of his petition to Gwinnett County Superior Court would frustrate habeas relief, the transfer was proper.

*Judgment affirmed. All the Justices concur, except Carley, J., who concurs in Division 1 and in the judgment.*

DECIDED MARCH 7, 2005.

*Garland, Samuel & Loeb, Donald F. Samuel, William C. Lea*, for appellant.
*William P. Rowe III, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellees.

---

[6] Id. at 83.

[7] Id. at 84.

[8] See, e.g., *James v. Hight*, 251 Ga. 563 (307 SE2d 660) (1983) (habeas petition and petitioner properly remained in county of original detention when transfer to new county of detention would deprive petitioner of use of a law library).