## A07A2354. RADER et al. v. LEVENSON.
(659 SE2d 655)

RUFFIN, Judge.

Attorneys Candace Rader, Valerie Cooke, and their law firm, Rader & Cooke, P.C. (collectively, "the appellants"), moved to dismiss or transfer to Carroll County an action filed against them in Douglas County. In the alternative, the appellants sought to have the complaint against them dismissed, asserting that the petitioner had not stated a claim against them upon which relief could be granted. The trial court denied the motion, and we granted the appellants' application for interlocutory appeal. For reasons that follow, we reverse.

The relevant facts show that following the death of Jerry Eugene Post, his wife, Debra Samples Post, was named executrix of the estate in January 2002. In September 2002, Post was indicted for the murder of her husband, and she retained the appellants to represent her. To pay for legal representation, Post, in her role as executrix, deeded a house that had belonged to her deceased husband to Rader & Cooke, P.C. The appellants subsequently sold the property for $260,000.

Post pleaded guilty to felony murder in September 2003. In February 2005, the Douglas County probate court removed Post as executrix of the estate and shortly thereafter it deemed her ineligible to inherit from her husband pursuant to OCGA § 53-1-5 et seq.[1] Louis Levenson was named administrator of the estate, and in June 2006, he filed a petition for accounting under OCGA § 53-7-61 against Post. Four days later, Levenson filed a second petition "for Citation of Contempt" and permission to bring suit for the recovery of estate assets. The petition did not specifically name any party as a respondent. However, the petition demanded that Rader, Cooke, and their law firm return the money they received from representing Post in

---

[1] Rader and another attorney represented Post in the probate matter.

the criminal trial and asked that the two attorneys be held in contempt if they failed to do so. Thereafter, the probate court transferred to Douglas County superior court "the Estate's Petition for [the probate court] to order [the appellants] to repay attorneys fees to the Estate."

After the case was transferred, Levenson filed two additional amendments to the "Complaint for Damages and for Citation of Contempt." In these amendments, Levenson listed Rader, Cooke, their law firm, and Post as defendants. Through the amendment, Levenson added claims for conversion and for money had and received. The appellants filed a motion in Douglas County Superior Court seeking transfer to Carroll County, arguing that Douglas County lacked jurisdiction over them. In the alternative, the appellants sought dismissal, arguing that Levenson had failed to state a claim against them upon which relief could be granted. The trial court denied the motion, but granted a petition for immediate review. This appeal followed.

1. According to the appellants, the trial court erred in denying the motion for transfer as proper venue lies in Carroll County, where Cooke and Rader live and where the law firm was located. In addressing this issue, we consider the allegations in the complaint and decide, based upon the causes of action alleged and the relief sought, whether venue is proper in Douglas County.

(a) The initial action against appellants was the contempt action, which was filed in the probate court and subsequently transferred to the superior court.[2] As a general rule, contempt involves disrespectful or contumacious conduct, including disobedience of an order of the court.[3] In his complaint, Levenson does not set forth facts demonstrating that the appellants have been disrespectful toward the court or have disobeyed any order. Rather, he seeks an order holding the appellants in contempt for failing to obey a *future* order of the court, requiring them to return the money they received from Post. However, such self-executing contempt orders are improper.[4] Thus, we fail to see how this cause of action permits trial in Douglas County.

(b) Levenson also argues that venue is proper in Douglas County because, under OCGA § 53-7-54 (b), a trust was imposed when estate assets were misapplied. Specifically, this Code section provides that "[w]hen estate assets are misapplied and can be traced in the hands of persons affected with notice of misapplication, a trust shall attach

---

[2] Levenson concedes that the appellants were not parties to the petition for accounting filed against Post.

[3] See *In re Tidwell*, 279 Ga. App. 734, 742-743 (5) (632 SE2d 690) (2006).

[4] See *Baldwin v. Vineyard*, 275 Ga. 134, 135 (2) (562 SE2d 174) (2002); *Albers v. Brown*, 177 Ga. App. 620, 622 (2) (340 SE2d 260) (1986).

to the assets."[5] As a threshold matter, we know of no instance in which this Code section has been used to create a cause of action against a third party, and Levenson has not cited any authority for this proposition. Rather, this provision permits heirs of the estate to file suit against a personal representative or administrator of the estate.[6] Under these circumstances, it is uncertain whether this statute can be used to support a cause of action against the appellants.[7]

Even assuming that Levenson may use this Code section as a sword against the appellants, it does not necessarily follow that venue is proper in Douglas County probate court. As this Court recently recognized, "[t]rusts of every kind, not generally cognizable at law, are peculiarly subjects of equity jurisdiction."[8] Accordingly, jurisdiction lies in superior court.[9] And, pursuant to our Constitution, equity cases are to be tried in the county where the defendant resides.[10]

Levenson also argues that original jurisdiction must be in Douglas County Probate Court — and thus in Douglas County Superior Court pursuant to OCGA § 5-3-29 — because the underlying subject matter involves estate property, which was probated in Douglas County.[11] Levenson cites the Supreme Court case of *Gnann v. Woodall*[12] for the proposition that a probate court has broad authority to seek the return of attorney fees paid from estate assets. But that case involved a probate court's jurisdiction over the estate assets, not its authority over third persons holding such property. Moreover, the Supreme Court found that the probate court had authority to order repayment of fees for legal work performed on behalf of the estate. Here, the appellants performed legal work on a criminal matter over which the probate court did not have jurisdiction. Thus, this case does not address the issue at hand, and we fail to see how it would permit Levenson to proceed against the appellants in Douglas County.

---

[5] OCGA § 53-7-54 (b).

[6] See OCGA § 53-7-54 (a) ("If a personal representative or temporary administrator commits a breach of fiduciary duty or threatens to commit a breach of fiduciary duty, a beneficiary of a testate estate or heir of an intestate estate shall have a cause of action.").

[7] See *Lange v. Standard Tel. Co.*, 243 Ga. App. 301, 302-303 (1) (533 SE2d 162) (2000) (statute governing conduct of public service commission did not create cause of action against service providers).

[8] (Punctuation omitted.) *In re Longino*, 281 Ga. App. 599, 602 (3) (636 SE2d 683) (2006).

[9] See id.

[10] Ga. Const. of 1983, Art. VI, Sec. II, Par. III.

[11] Levenson contends that the Douglas County Superior Court was "sitting as the Probate Court upon the 'de novo' transfer by the Probate Judge pursuant to OCGA § 5-3-29." We note, however, that this Code section pertains to appeals to the superior court, and it does not appear that such appeal was filed. For the sake of argument, we will accept Levenson's contention that the Douglas County Superior Court was reviewing, de novo, the issues before the trial court.

[12] 270 Ga. 516 (511 SE2d 188) (1999).

(c) Finally, Levenson asserts that venue is proper in Douglas County because appellants are joint tortfeasors with Post. The only tort alleged is that of conversion,[13] which was included in the first amended complaint. According to the appellants, Post was not a party to the tort claim in superior court. We agree.

Levenson filed two separate petitions in Douglas County Probate Court, one for an accounting against Post and a second against Rader, Cooke, and their law firm, seeking return of the attorney fees.[14] The probate court then transferred the second action to Douglas County Superior Court. Although Levenson suggests that Post was a party to this second action, this suggestion is belied by the petition.

Our Civil Practice Act does not require any technical forms of pleadings, and a pleading will be deemed sufficient if it provides a party with fair notice of a claim asserted against her.[15] However, even the most generous interpretation of Levenson's second petition does not suggest that he intended Post as a respondent. This is evidenced by the fact that the relief sought involved only Rader, Cooke, and their law firm.[16] Accordingly, Post was not a party to the transferred action. To the extent Levenson attempted to include Post as a defendant in the amended complaints filed in the superior court, we note that a party may not be *added* by amendment without leave of court, which was not sought in this case.[17] Without Post, venue is improper in the Douglas County Superior Court because it lacks jurisdiction over nonresident defendants unless a resident co-defendant is liable in the action.[18]

If a case is alleged to have been brought in the wrong venue, the appropriate remedy is to transfer such case.[19] We review a trial court's denial of a motion to transfer for abuse of discretion.[20] As

---

[13] Although Levenson also included a claim for money had and received, this is an action ex contractu rather than a tort. See *Cohen v. Garland*, 119 Ga. App. 333, 335-336 (3) (167 SE2d 599) (1969).

[14] The probate court entered judgment against Post on the accounting petition, and that order is not before us.

[15] See *Ga. Power Co. v. Stowers*, 282 Ga. App. 695, 697 (639 SE2d 605) (2006).

[16] Specifically, the complaint petitioned the court to order "Candace Rader, Valerie Cooke and the law firm of Cooke & Rader, P.C. to return the proceeds of the sale" and to hold Rader and Cooke in contempt if they failed to do so.

[17] See *Valdosta Hotel Properties v. White*, 278 Ga. App. 206, 209 (1) (628 SE2d 642) (2006) ("In order for an additional party to be added to an existing suit by amendment pursuant to OCGA § 9-11-15, leave of court *must* first be sought and obtained pursuant to OCGA § 9-11-21.").

[18] See *Robinson v. Star Gas of Hawkinsville*, 243 Ga. App. 112, 113 (533 SE2d 97) (2000); *Barnett v. Quinn*, 227 Ga. App. 172, 174 (489 SE2d 68) (1997).

[19] See *Exum v. Melton*, 244 Ga. App. 775, 776, n. 7 (536 SE2d 786) (2000).

[20] See *Blackmon v. Tenet &c., Inc.*, 288 Ga. App. 137, 148 (6) (653 SE2d 333) (2007); *Robinson*, supra.

discussed above, we can discern no proper basis for alleging venue in Douglas County. Under these circumstances, the trial court abused its discretion in denying the appellants' motion to transfer.

2. The appellants contend that the trial court erred in denying their motion to dismiss for failure to state a claim upon which relief may be granted. Specifically, the appellants contend that neither the accounting petition nor the contempt petition alleged cognizable claims.[21] Again, Levenson concedes that the accounting petition does not state a claim against the appellants. For reasons discussed in Division 1 (a), we agree that the contempt petition fails to state a claim for which relief may be granted. It follows that the trial court erred in denying appellants' motion to dismiss these claims.[22]

*Judgment reversed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED MARCH 10, 2008.

*Rader & Cooke, James E. Spence, Jr., Lee W. Fitzpatrick*, for appellants.

*Louis Levenson*, for appellee.

---

[21] The appellants do not contend that Levenson's claims for conversion and money had and received should also be dismissed, and we do not address the viability of these claims.

[22] See *Dept. of Transp. v. Jackson*, 229 Ga. App. 321, 323 (494 SE2d 20) (1997).