### S08A0191. NIX et al. v. WATTS.
(664 SE2d 194)

HINES, Justice.

On May 17, 2006, Jerry Watts filed a petition for habeas corpus in the Superior Court of Fulton County, naming as the respondent to the petition Milton E. Nix, Jr., the Chairman of the Board of Pardons and Paroles. Watts asserted that the Superior Court of Fulton County was the proper court to hear the petition as Watts was then on parole, stemming from his April 2000 conviction in the Superior Court of Floyd County for theft by shoplifting, terroristic threats, and obstruction of justice, for which he received a sentence totaling ten years. The Superior Court of Fulton County granted the writ of habeas corpus, and respondent Nix has appealed to this Court.

It is incumbent upon this Court to inquire into its own jurisdiction. *Collins v. AT&T Co.*, 265 Ga. 37 (456 SE2d 50) (1995). Watts's habeas petition is governed by Article 2 of Chapter 14 of Title 9 of the Official Code of Georgia, OCGA § 9-14-40 et seq., because he is a person "whose liberty is being restrained by virtue of a sentence imposed against [him] by a state court of record." OCGA § 9-14-41. Under OCGA § 9-14-43,

> [a] petition brought under this article must be filed in the superior court of the county in which the petitioner is being detained. The superior courts of such counties shall have exclusive jurisdiction of habeas corpus actions arising under this article. *If the petitioner is not in custody* or is being detained under the authority of the United States, any of the several states other than Georgia, or any foreign state, the petition *must* be filed in the superior court of the county in which the conviction and sentence which is being challenged was imposed.

(Emphasis supplied.)

Only the court specified in OCGA § 9-14-43 has jurisdiction to address the merits of Watts's claim. *State v. Smith*, 276 Ga. 14, 15 (2) (573 SE2d 64) (2002). That court is the Superior Court of Floyd County. Watts's petition was properly pled as one for a writ of habeas corpus as he is serving a state sentence and "there are significant restraints on [his] liberty other than physical custody." *Hardison v. Martin*, 254 Ga. 719, 721 (1) (334 SE2d 161) (1985). But he is not "detained" in any county within the meaning of OCGA § 9-14-43. Rather, the term "not in custody" as used in OCGA § 9-14-43 means not in physical custody, and thus the only court in which Watts could properly file his petition for a writ of habeas corpus was his sentencing court. This reading comports with the longstanding principle that one "who is not incarcerated anywhere can attack an old conviction, and in such a case the place of restraint, the equivalent of 'illegal detention,' would be the place of conviction. That is where the record ultimately will have to be corrected if the petitioner prevails." *Smith v. State*, 234 Ga. 390, 392 (216 SE2d 111) (1975). See also *Capote v. Ray*, 276 Ga. 1, 2-3 (2) (577 SE2d 755) (2002); *Hardison*, supra; *Callahan v. State*, 235 Ga. 359, 360 (219 SE2d 717) (1975); *Nix v. State*, 233 Ga. 73 (209 SE2d 597) (1974).

Accordingly, the order of the Superior Court of Fulton County granting the writ of habeas corpus is a nullity, *Cross v. Stokes*, 275 Ga. 872, 873-874 (1) (572 SE2d 538) (2002), and cannot serve as the basis for an appeal. *Upton v. Jones*, 280 Ga. 895, 896 (1) (635 SE2d 112) (2006). That order is hereby vacated and the case is remanded to the Superior Court of Fulton County with the direction that it transfer the habeas petition to the appropriate superior court for disposition. See *Preer v. Johnson*, 279 Ga. 90 (610 SE2d 46) (2005); *State v. Smith*, supra.

*Judgment vacated and case remanded with direction. All the Justices concur.*

DECIDED JUNE 2, 2008 —
RECONSIDERATION DENIED JULY 7, 2008.

*Thurbert E. Baker, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellants.
Jerry Watts, *pro se*.