### A09A1295. HD SUPPLY, INC. et al. v. GARGER et al.
(683 SE2d 671)

BERNES, Judge.

Following the grant of their application for interlocutory review, defendants HD Supply, Inc. and Williams Bros. Lumber Company, LLC d/b/a HD Supply Lumber & Building Materials appeal the trial court's denial of their motion to transfer venue. The primary question on appeal is whether venue with regard to a defendant added as a party under OCGA § 9-11-15 (c) should be determined based upon the facts existing at the time the original action was filed or at the time the defendant was added as a party. We conclude that venue over the added defendant should be based upon the facts existing at the time the original action was filed. Accordingly, we affirm.

The denial of a motion to transfer is reviewed for an abuse of discretion, see *Radar v. Levenson*, 290 Ga. App. 227, 230 (1) (c) (659 SE2d 655) (2008), and we will affirm the trial court's findings on disputed factual questions relating to venue if there is any evidence to support them. See *Camp v. Peetluk*, 262 Ga. App. 345, 348 (1) (585 SE2d 704) (2003). But we review de novo the trial court's application of the law to undisputed facts. See *Murdock v. Madison River Terminal*, 249 Ga. App. 608, 609 (547 SE2d 802) (2001).

So viewed, the record reflects that on December 13, 2007, George Garger was killed in an automobile collision that occurred in Fulton County. The driver of the other vehicle was Robbin Zeigler, who allegedly had become intoxicated at an event where his employer provided alcohol. Zeigler's employer allegedly continued furnishing him with alcohol despite knowing that he was intoxicated and that he would soon be driving a motor vehicle.

On January 17, 2008, Garger's surviving wife and estate filed this action for personal injury, wrongful death, and loss of consortium in the State Court of Fulton County against Zeigler and HD Supply, Inc., which the plaintiffs believed to be Zeigler's employer. While Zeigler did not reside in Fulton County, the plaintiffs alleged that venue was proper because the cause of action originated in that county, and HD Supply had an office and transacted business there.

HD Supply answered, admitting that it was Zeigler's employer at the time of the collision but denying that venue was proper in Fulton County. In response to the plaintiffs' requests for admission, HD

Supply again admitted that it was Zeigler's employer.[1] However, HD Supply later contended in a letter from its counsel and in an amended answer that Zeigler had been employed by its subsidiary, Williams Bros. Lumber Company, LLC d/b/a HD Supply Lumber & Building Materials ("Williams Bros.").

The plaintiffs then moved to add Williams Bros. as a defendant. The trial court granted the motion to add Williams Bros. on July 22, 2008, and the plaintiffs filed an amended complaint against Zeigler, HD Supply, and Williams Bros. the following day. The plaintiffs alleged that Zeigler was the employee of HD Supply and Williams Bros. at the time of the collision and that both companies were liable based upon respondeat superior and Georgia's Dram Shop Act, OCGA § 51-1-40 (b).[2] They further alleged that venue was proper because the cause of action originated in Fulton County, and HD Supply and Williams Bros. both had offices and transacted business there.

In its answer to the amended complaint, Williams Bros. admitted that it was Zeigler's employer at the time of the collision. Like HD Supply, however, Williams Bros. denied that venue was proper.

HD Supply and Williams Bros. moved to transfer venue and remove the action from Fulton County to Cobb County pursuant to OCGA § 14-2-510 (b) (4).[3] See also Uniform Superior Court Rule 19.1 (setting forth procedure for motions to transfer venue to another court); Uniform State Court Rule Note ("The Uniform Rules for the Superior Courts shall be applicable in State Courts[.]"). They admitted that the cause of action originated in Fulton County but contended that venue should be transferred under OCGA § 14-2-510

---

[1] Although HD Supply filed a motion to withdraw its admission, the record does not reflect whether the trial court has ruled upon that motion. See *Milk v. Total Pay & HR Solutions*, 280 Ga. App. 449, 452 (634 SE2d 208) (2006) ("[F]acts admitted via requests for admission are 'judicial admissions,' which are conclusive unless withdrawal is permitted by the trial court.") (citation and punctuation omitted).

[2] OCGA § 51-1-40 (b) provides:
    A person . . . who knowingly sells, furnishes, or serves alcoholic beverages to a person who is in a state of noticeable intoxication, knowing that such person will soon be driving a motor vehicle, may become liable for injury or damage caused by or resulting from the intoxication of such . . . person when the sale, furnishing, or serving is the proximate cause of such injury or damage.

[3] OCGA § 14-2-510 (b) (4) provides:
    In actions for damages because of torts, wrong, or injury done, [venue is proper against a corporation] in the county where the cause of action originated. If venue is based solely on this paragraph, the defendant shall have the right to remove the action to the county in Georgia where the defendant maintains its principal place of business. A notice of removal shall be filed within 45 days of service of the summons. . . .
The plaintiffs contend that HD Supply's motion to transfer was untimely under the statute, but we need not resolve this issue in light of our decision infra in Division 2 that venue was proper over HD Supply in Fulton County.

(b) (4) because there was no other basis for venue in that county. Both companies contended that their principal place of business was in Cobb County. Furthermore, HD Supply presented evidence that it did not formerly or currently have an office or transact any business in Fulton County. Williams Bros. presented evidence that although it had an office and transacted business in Fulton County at the time the plaintiffs originally filed their suit, it no longer had an office or transacted business in that county at the time it was added as a defendant.

The plaintiffs responded that transfer of the case was inappropriate because venue was not based solely upon origination of the cause of action in Fulton County. They contended that venue was proper under OCGA § 14-2-510 (b) (3),[4] which authorizes tort damages actions against a corporation in the county where the cause of action originates, provided the corporation also has an office and transacts business in that county. The plaintiffs argued that because Williams Bros. was added as a defendant under the relation back provision of OCGA § 9-11-15 (c),[5] it should be treated as if it were a party to the original suit from its inception. The plaintiffs further argued that since Williams Bros. had an office and transacted business in Fulton County at the time the suit was originally filed, venue was proper as to Williams Bros. pursuant to OCGA § 14-2-510 (b) (3). The plaintiffs contended that because venue was proper in Fulton County against Williams Bros., it was also proper against Zeigler and HD Supply as joint tortfeasors.

The trial court denied HD Supply and Williams Bros.'s motion to transfer venue. The trial court granted a certificate of immediate review, we granted the application, and this appeal followed.

1. Williams Bros. contends that the trial court erred in finding that venue was proper in Fulton County under OCGA § 14-2-510 (b) (3) and in denying its motion to transfer. According to Williams

---

[4] OCGA § 14-2-510 (b) (3) provides:

In actions for damages because of torts, wrong, or injury done, [venue is proper against a corporation] in the county where the cause of action originated, if the corporation has an office and transacts business in that county.

[5] OCGA § 9-11-15 (c) provides:

*Relation back of amendments.* Whenever the claim or defense asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back to the date of the original pleadings if the foregoing provisions are satisfied, and if within the period provided by law for commencing the action against him the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Bros., the trial court should have determined venue over the company based upon the facts existing at the time it was added as a defendant in July 2008, not the facts existing at the time the suit was originally filed in January 2008. We disagree.

It is well settled that venue is determined based on the defendant's residence at the time the suit is filed. See *Franek v. Ray*, 239 Ga. 282, 285 (236 SE2d 629) (1977); *Savannah Laundry & Machine Co. v. Owenby*, 186 Ga. App. 130, 131 (366 SE2d 787) (1988); *Hagood v. Garner*, 159 Ga. App. 289 (1) (283 SE2d 355) (1981). A change of residence by the defendant after the filing of an action thus does not result in a change of venue. See *Perry v. Perry*, 245 Ga. 298 (264 SE2d 228) (1980); *Westmoreland v. Westmoreland*, 243 Ga. 77, 78 (252 SE2d 496) (1979).

The pertinent question is how these principles should be applied when a party is added to the original suit pursuant to the relation back provision of OCGA § 9-11-15 (c). In *Daniel & Daniel v. Cosmopolitan Co.*, 137 Ga. App. 383, 384 (1) (224 SE2d 44) (1976), we held that "venue may be perfected by the proper addition of a party defendant" so as to cure an existing problem with venue. We applied the same rule in *Logan Paving Co. v. Liles Constr. Co.*, 141 Ga. App. 81, 82 (2) (a) (232 SE2d 575) (1977), where we held that the addition of the new defendant "relate[d] back to the date of the original suit so as to perfect venue." But neither of those two cases involved an added defendant that had changed its residence since the time the original suit had been filed. Thus, neither case resolved whether a court should determine venue over the added party defendant from the facts as they existed when the suit was originally filed or as they existed when the party was added. That question has heretofore been unresolved under Georgia law.

We conclude that if a defendant is added as a party to a lawsuit under the relation back provision of OCGA § 9-11-15 (c), venue over that defendant should be assessed based upon the facts existing at the time the suit was originally filed. Although OCGA § 9-11-15 (c) refers to "an amendment *changing* the party," the ambit of the relation back provision has been construed to include cases where, as here, the plaintiff adds rather than substitutes a new party defendant. (Emphasis supplied.) See *Fontaine v. Home Depot*, 250 Ga. App. 123, 124 (1) (550 SE2d 691) (2001); *Cobb v. Stephens*, 186 Ga. App. 648, 649 (368 SE2d 341) (1988).[6] And when a defendant is added under OCGA § 9-11-15 (c), the defendant is treated as if it were a

---

[6] Three conditions must be met to invoke the relation-back provision:
(1) the amendment adding the new defendant must arise out of the same facts as the original complaint; (2) the new defendant must have had sufficient notice of the

party to the original action from its inception. This point is made clear by OCGA § 9-11-15 (c) cases involving the statute of limitation, where we have held that a party meeting the three statutory elements may be added *after the limitation period has run*, since the claims against the added party relate back to the complaint's original filing date, which was prior to the expiration of the limitation period. See *Gordon v. Gillespie*, 135 Ga. App. 369, 374-375 (1) (217 SE2d 628) (1975). See also *Parks v. Hyundai Motor America*, 258 Ga. App. 876, 880-883 (3) (575 SE2d 673) (2002); *Fontaine*, 250 Ga. App. at 124-127 (1). The ultimate result in those cases is that all of the parties are placed in the position they would have been in when the suit was originally filed, but for the plaintiff's mistake over another party's identity. This has the virtue of preventing newly added defendants that had sufficient notice of the original action from its commencement from "[b]eing able to take advantage of plaintiff's pleading mistakes." *Gordon*, 135 Ga. App. at 375 (1).

While the primary purpose of the relation back provision is "to ameliorate the impact of the statute of limitation," *Samples v. Barnes Group*, 175 Ga. App. 253, 255 (333 SE2d 147) (1985), the provision is not limited only to those cases where the limitation period is at issue. See *A. H. Robins Co. v. Sullivan*, 136 Ga. App. 533, 535 (221 SE2d 697) (1975). As such, the same principles should apply in other cases like the present one where the relation back provision has been properly invoked. Any defendant properly added under OCGA § 9-11-15 (c) thus should be treated as if it were a party to the original action from its inception. It follows that venue over such a defendant should be assessed based upon the facts existing at the time the action was originally filed.

It is undisputed that at the time the plaintiffs originally filed the instant action in January 2008, Williams Bros. had an office and transacted business in Fulton County. The trial court, therefore, correctly found that venue was proper over Williams Bros. in Fulton County under OCGA § 14-2-510 (b) (3).

2. HD Supply similarly contends that the trial court erred in finding that venue was proper over it in Fulton County and in

---

       lawsuit; and (3) the new defendant must have known, or should have known, that but for a mistake in identifying him as the proper party, the action would have been brought against him.

(Citation, footnote and emphasis omitted.) *Valentino v. Matara*, 294 Ga. App. 776, 777-778 (2) (670 SE2d 480) (2008). HD Supply and Williams Bros. do not dispute on appeal that these conditions were met in this case. See generally *Parks v. Hyundai Motor America*, 258 Ga. App. 876, 880-883 (3) (575 SE2d 673) (2002) (complaint showed that plaintiff meant to sue automobile manufacturer but mistakenly sued similarly named parent corporation); *Fontaine*, 250 Ga. App. at 124-125 (1) (complaint showed that plaintiff meant to sue the owner of the premises but mistakenly sued related, similarly named corporation).

denying its motion to transfer. Again, we disagree. Construed in favor of the plaintiffs, the complaint alleged that the negligence of HD Supply and Williams Bros. in continuing to serve alcohol to Zeigler, despite knowing that he was intoxicated and that he would soon be driving a motor vehicle, combined with the negligence of Zeigler to cause a single and invisible injury, death. The three defendants thus met the test for joint tortfeasors. See *Gault v. Nat. Union Fire Ins. Co.*, 208 Ga. App. 134, 137 (3) (430 SE2d 63) (1993). In a tort action, if venue in a particular county is proper as to one joint tortfeasor, it is proper as to the other joint tortfeasors as well. See id. See also Ga. Const. of 1983, Art. VI, Sec. II, Par. IV; OCGA § 9-10-31 (b). Consequently, because venue was proper in Fulton County as to Williams Bros., it was likewise proper as to HD Supply.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED AUGUST 18, 2009.

*Drew, Eckl & Farnham, Stevan A. Miller, Jeffrey A. Burmeister*, for appellants.

*Rumsey & Ramsey, Austin L. Ramsey III, Ronald L. Cundy, Harper, Waldon & Craig, Russell D. Waldon, John B. Craig, Fain, Major & Brennan, Thomas E. Brennan*, for appellees.