S11A1410. WILKES v. TERRY.
(717 SE2d 644)

THOMPSON, Justice.

The issue in this case is whether a habeas court is required to transfer a properly filed petition for habeas corpus to another

county's superior court when the petitioner is transferred to that county for detention. We hold that while a habeas court may in its discretion transfer a habeas petition after the petitioner's county of detention changes, transfer of the petition is not required in every case. See *Preer v. Johnson*, 279 Ga. 90 (610 SE2d 46) (2005).

Porter Wilkes was convicted in 2000 of burglary and sentenced as a recidivist to 20 years in prison. The Court of Appeals affirmed his conviction and sentence. *Wilkes v. State*, 269 Ga. App. 532 (604 SE2d 601) (2004). Wilkes filed a petition for habeas corpus in 2005 in Gwinnett County, where he was then incarcerated at Phillips State Prison. His habeas petition was transferred to Macon County in 2006 after he was transferred to Macon State Prison. In 2007, Wilkes was transferred to a facility located in Baldwin County, and he filed a motion to transfer his habeas petition to that county's superior court.

While the transfer motion was pending in Macon County, the case was called for a hearing, and Wilkes was returned to Macon County for the hearing. The habeas court denied both the motion to transfer and the habeas petition over Wilkes' objection, determining it had authority to inquire into the legality of Wilkes' detention because he was present in Macon County and based on the length of time the case had been pending there. Wilkes filed a notice of appeal and application for certificate of probable cause to appeal, which this Court granted to determine whether the habeas court erred by not transferring the habeas petition to Baldwin County.

The denial of a motion to transfer a case to another proper venue is a matter within the trial court's discretion, and absent an abuse of that discretion, the trial court's decision will be affirmed on appeal. *HD Supply v. Garger*, 299 Ga. App. 751, 751 (683 SE2d 671) (2009); *Rader v. Levenson*, 290 Ga. App. 227, 230 (659 SE2d 655) (2008). It is not disputed here that venue was proper in Gwinnett County at the time Wilkes' petition was originally filed. See OCGA § 9-14-43; *Preer*, supra (habeas petitioner must file petition in county where he is presently detained). Similarly, the propriety of the decision to transfer Wilkes' petition to Macon County after his transfer to that county has not been challenged and appears consistent with our holding in *Preer* in that there are no allegations that Wilkes' county of detention has at any time been changed for illegitimate or non-routine reasons. Thus, at the time of the Macon County habeas hearing, venue was proper in Macon County and the Macon County Superior Court had both personal and subject-matter jurisdiction to consider Wilkes' habeas petition. See *Smith v. Garner*, 236 Ga. 81, 85 (222 SE2d 351) (1976) (finding venue and jurisdiction proper in county to which petitioner was temporarily transferred). To the extent language in Division 2 of *State v. Smith*, 276 Ga. 14 (573 SE2d

64) (2002) can be interpreted to suggest that *only* the superior court of the county of a petitioner's detention has subject-matter jurisdiction to address the merits of a habeas petition, it is disapproved. See *Preer*, supra at 91 ("'exclusive jurisdiction' language in [OCGA § 9-14-43] only means that superior courts, as opposed to other courts, have subject matter jurisdiction over habeas petitions"); *Hopkins v. Hopkins*, 237 Ga. 845, 847 (229 SE2d 751) (1976) ("All superior courts of this state have jurisdiction over the subject matter of habeas corpus cases or cases in the nature of habeas corpus.").

Without disputing these facts, Wilkes argues transfer of the petition to the county of his detention was required by our decision in *Preer*. In that case, however, we rejected the argument that a properly filed habeas petition can never be transferred and held that a habeas court may under certain circumstances transfer a habeas petition to another county when the petitioner is transferred to that county for detention.[1] Id. Because in *Preer* we addressed only whether a habeas court had any authority to transfer a habeas petition, our holding in *Preer* does not control the outcome of this case.[2]

Perhaps because Wilkes' only argument was that transfer of the petition was mandated because his county of detention had changed, he presented no evidence at the hearing on his motion other than the fact of his physical transfer. He thus made no showing that the refusal to transfer or his return to Macon County was accomplished in an effort to forum shop for a less petitioner-friendly habeas court. He offered no evidence that the failure to transfer his petition would frustrate habeas relief or that it would be more properly heard in a different county's superior court. In fact, given the opportunity to dismiss his petition and re-file in another county, Wilkes declined. Based on the absence of any evidence that the petition, which then

---

[1] We noted in *Preer*, that a habeas petition should not be transferred when a petitioner is moved for purposes of forum shopping or where transfer "would otherwise frustrate habeas relief." Id. at 92.

[2] None of the cases cited by the dissent as contrary authority address the issue currently before this Court. In *Waye v. State*, 239 Ga. 871 (238 SE2d 923) (1977), *Craig v. State*, 234 Ga. 398 (216 SE2d 296) (1975), and *Neal v. State*, 232 Ga. 96 (205 SE2d 284) (1974), we held the proper county in which to *bring* or *file* a petition for habeas corpus is the county of a petitioner's detention. Similarly, in *Nix v. Watts*, 284 Ga. 100 (664 SE2d 194) (2008), we held the Camden County Superior Court was without jurisdiction to consider a habeas corpus petition that had been improperly *filed* in that county. Here, it is undisputed Wilkes' petition was properly filed in Gwinnett County. The issue before us is whether a properly filed petition must be transferred to another jurisdiction when the petitioner's county of detention is changed. *McBurnett v. Warren*, 208 Ga. 225 (66 SE2d 49) (1951), was decided before the 1967 enactment of the Habeas Corpus Act, OCGA § 9-14-40 et seq., which gave all superior courts of this state exclusive jurisdiction to hear such cases, see *Preer*, supra at 91, and *Colton v. Martins*, 230 Ga. 482, 483 (197 SE2d 729) (1973), quotes extensively from that pre-1967 opinion.

had been pending in Macon County for more than two years, would more appropriately be heard in Baldwin County for any reason other than the change in Wilkes' detention, we cannot say the habeas court abused its discretion by denying the motion to transfer.

*Judgment affirmed. All the Justices concur, except Melton, J., who dissents.*

MELTON, Justice, dissenting.

The majority's holding that a habeas court has discretion to transfer or retain a habeas petition after the petitioner's county of detention changes is directly contrary to longstanding precedent, including the sole case which it cites for its novel proposition. See *Preer v. Johnson*, 279 Ga. 90 (610 SE2d 46) (2005). Accordingly, I must respectfully dissent.

OCGA § 9-14-43 provides, in relevant part: "A petition brought under this article must be filed in the superior court of the county in which the petitioner is being detained. The superior courts of such counties shall have exclusive jurisdiction of habeas corpus actions arising under this article." As the majority points out, in *Preer*, supra, we explained that the second sentence in the statute means "that superior courts, as opposed to other courts, have subject matter jurisdiction over habeas petitions." (Footnote omitted.) Id. at 91 (1). The majority ignores the fact, however, that in *Preer*'s very next sentence, we further explained:

> We . . . turn to Georgia case law. In *State v. Smith*, 276 Ga. 14 (573 SE2d 64) (2002), this Court held that the superior court of the county in which a petitioner is currently detained has jurisdiction over his habeas petition. Specifically, we stated that Smith "represented that his 'current location' was a state prison facility in Baldwin County. If that is so, then *only the superior court of that county* would have jurisdiction to address the merits of his claim." Id. at 15. Therefore, *State v. Smith* supports the transfer of Preer's habeas petition to [the county where he was being detained].

(Emphasis in original.) *Preer*, supra, 279 Ga. at 91 (1). Therefore, the reality is that *Preer* does not support the majority's recharacterization of the law because, in fact, *Preer* cites approvingly the exact case which the majority, without any rationale or explanation, now wishes to effectively overrule. See *State v. Smith*, supra.

Moreover, contrary to the implications of the majority opinion, the holding in *State v. Smith* is not insular. This Court has consistently made it clear for at least more than 60 years that the superior

court of the county in which a petitioner is being detained is the proper forum to decide a habeas petition. See, e.g., *McBurnett v. Warren*, 208 Ga. 225 (66 SE2d 49) (1951); *Colton v. Martins*, 230 Ga. 482 (197 SE2d 729) (1973); *Neal v. State*, 232 Ga. 96 (205 SE2d 284) (1974); *Craig v. State*, 234 Ga. 398 (216 SE2d 296) (1975); *Waye v. State*, 239 Ga. 871 (238 SE2d 923) (1977); *Nix v. Watts*, 284 Ga. 100 (664 SE2d 194) (2008). The majority's attempt to destroy decades of precedent without either legal support or any explanation at all is both incorrect and improper.

Our law is clear in this matter. The petitioner's habeas case should have been heard in the superior court of the county in which he was detained.

DECIDED NOVEMBER 7, 2011.

*Sarah Gerwig-Moore, Andrew Mahler, Danielle L. Brewer, J. Scott Key*, for appellant.

*Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.