## S11A1409. DUNCAN v. FRAZIER.

(720 SE2d 619)

HUNSTEIN, Chief Justice.

We granted Keith Duncan a certificate of probable cause to appeal the habeas court's denial of his motion to transfer his habeas action. In the motion, Duncan sought transfer of his habeas petition to the superior court of the county to which Duncan had been transferred after properly filing his petition in his original county of detention. This case is directly controlled by our recent opinion in *Wilkes v. Terry*, 290 Ga. 54 (717 SE2d 644) (2011), which holds that a habeas court has the discretion, but generally is not required, to transfer a habeas petition in the event the petitioner's county of detention changes. Following *Wilkes*, we find no error in the denial of the motion to transfer, and therefore we affirm.

Keith Duncan was convicted in 1994 of malice murder and was sentenced to life in prison. This Court affirmed Duncan's conviction and sentence on appeal. *Duncan v. State*, 271 Ga. 704 (524 SE2d 209) (1999). In June 2007, Duncan, proceeding pro se, filed a habeas petition in Hancock County, where he was then incarcerated, asserting ineffective assistance of appellate counsel. Following a hearing, the case was continued, at Duncan's request, until Duncan notified the court six months later that he was ready to proceed. Thereafter, Duncan moved to transfer his habeas case to Macon County Superior Court, asserting that he had been transferred to Macon State Prison and thus that venue was no longer proper in Hancock County. The

habeas court denied his transfer motion, finding that jurisdiction had attached at the time the habeas petition was filed and that transferring the case after the court had already heard evidence would cause unnecessary delay. A second hearing was held, after which the habeas court denied Duncan's habeas petition. Upon application, this Court granted Duncan's appeal to determine whether the habeas court had properly denied the motion to transfer.

The decision on a motion to transfer a case to another proper venue is a matter within the sound discretion of the trial court, and absent an abuse of that discretion, the trial court's decision must be affirmed. *Wilkes v. Terry*, supra, 290 Ga. at 55. As we have recently held, this general rule holds true in the specific circumstance where a petitioner seeks transfer of a properly-filed habeas petition based on his subsequent relocation to a different county of detention. Id. Thus, while a habeas court is authorized to transfer a properly-filed habeas petition to the superior court of the county to which a petitioner has since been transferred, *Preer v. Johnson*, 279 Ga. 90 (2) (610 SE2d 46) (2005) (affirming transfer of habeas petition), it likewise has the authority to deny such a motion unless doing so under the particular circumstances would constitute an abuse of discretion. *Wilkes v. Terry*, supra at 56 (suggesting abuse of discretion might arise where evidence showed that failure to transfer would reward forum-shopping or otherwise "frustrate habeas relief"). In other words, the fact that a petitioner's county of detention has changed does not necessarily require the transfer of his petition from the forum in which it was originally filed properly, and so long as the habeas court's decision does not have the effect of rewarding forum-shopping or otherwise frustrating habeas relief, such decision — be it to grant or to deny transfer — should be affirmed. Id.

Accordingly, given Duncan's failure to offer any evidence that the court's refusal to transfer his petition had the effect of frustrating Duncan's opportunity to obtain habeas relief, we find no error in the habeas court's denial of the motion to transfer.[1]

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 9, 2012.

*Martin Snow, Stuart E. Walker, Sarah L. Gerwig-Moore, J. Scott Key*, for appellant.
*Samuel S. Olens, Attorney General, Paula K. Smith, Senior*

---

[1] Respondent's motion to expand the record is denied as moot.

*Assistant Attorney General, David A. Zisook, Assistant Attorney General*, for appellee.